Mariah J. Nichols (Survivor) et al. v. R. W. Oliver.

(Case No. 1926.)

1. Revised Statutes, articles 2176–2179 — Construction — Survivor — Community property.— Suit was brought in the probate court under art. 2176, R. S., by creditors of an estate which was in course of administration by the surviving wife, under the provisions of the statute. The probate court

adjudged that there were assets of the estate liable for the claims, and ordered citation to issue to the sureties on the survivor's bond, requiring them to appear at the next term and show cause why judgment should not be rendered against them for the sums due the creditors. On appeal the district court rendered judgment against the survivor and the sureties on her appeal bond for the debts, and directed execution to issue against her separate estate and against the community estate of herself and her second husband. *Held:*

(1) That articles 2177, 2178 and 2179, Revised Statutes, manifest the intention of the legislature to authorize an action against the qualified survivor and her sureties, on an approved claim, after twelve months from the filing of the inventory, etc., if a *devastavit* be shown, or the survivor still has assets subject to the payment of debts.

(2) The probate court is to decide in the first instance whether facts exist which authorize an action, and its decision may be reviewed by the district court without regard to the amount in controversy.

(3) The decision of the probate court fixes the right of the creditor to sue, but does not determine any other right. The purpose of the statute was to prevent persons from unnecessarily involving estates in litigation, and to give a creditor a means, involving little expense, of determining whether a suit be necessary to protect his rights.

(4) The probate court has the power to order the survivor to pay the claim when it exceeds $1,000, but in case the survivor declines to pay, the creditor can enforce payment only by an action in the district court.

(5) If the probate court establishes the creditor's right to sue for $1,000 or less, the creditor's proceedings shall be transferred to the civil docket of the county court, and after the sureties have been cited judgment may be rendered on the bond. The probate court has no jurisdiction to render such a judgment, and on appeal the district court likewise could only pass upon the right of the creditor to sue.

(6) The fact that the survivor married after the institution of the proceeding in the probate court was no reason why the proceeding there commenced should not be reviewed in the district court; and if the right to sue was established by the district court, the marriage did not interfere with the right of the creditor to pursue his remedy in the county court as provided by statute, but the husband should be made a party.

(7) That such property as would have been set aside to the widow and child as exempt, or as the year's allowance, by a probate court, had the administration been under some other provision of the statute than that regulating the administration of community property by a survivor, should not be considered assets of the estate.

APPEAL from Rusk. Tried below before the Hon. J. G. Hazlewood.

On the 2d day of March, 1882, appellees, Reuben W. Oliver, John T. Maddox and James H. McLarty, as creditors of the community estate of J. J. Nichols, deceased, and his surviving wife, Mariah J. Nichols, who was administering the estate under the community law, filed their petition in the county court of Rusk county, Texas, alleging that they each held claims against the estate respectively as follows: R. W. Oliver's claim was for $42.37; J. T. Maddox's

claim was for $50; J. H. McLarty's two claims, aggregating $102.33; all of which had been accepted by Mariah Nichols, and which she had failed to pay, although she had been administering the community estate for over twelve months, and had in her hands sufficient property of the community estate out of which the claims ought to be paid, and prayed for citation to defendant, and that she be required to make full exhibit, showing the condition of the estate, and ordered to pay plaintiffs' several claims with interest.

Defendant (appellant M. J. Nichols) pleaded to the jurisdiction of the court; denied the right of plaintiffs to sue jointly; excepted generally and specially to plaintiffs' petition, and made general denial; filed an exhibit showing the condition of the estate, in which she showed that nothing had come into her hands or belonged to the estate that was subject to the payment of community debts; and asked the court to set aside to her all exempted property or money in lieu thereof, and one year's support for herself and child.

Plaintiffs excepted to the report.

On the 18th day of May, 1882, the county court made an order overruling defendant's exceptions and rendering judgment against her for costs.

On the 19th of May, 1882, the county court rendered its judgment, in which it decided, from the inventory of the estate and the exhibit filed, that there were assets of the estate that were liable for the plaintiffs' debts, and ordered citation to her bondsmen to appear at the next (July) term of the court to show cause why judgment should not be rendered against them for the debts and costs. To all of which defendant (appellant) excepted, and took the case to the district court to be tried *de novo*.

On the 21st day of December, 1882, in the district court, said M. J. Nichols filed an amended report and exhibit, correcting some errors of the first exhibit, still insisting on the want of jurisdiction of the court, and misjoinder of parties plaintiff, and alleging that there were no assets of the estate liable for plaintiffs' claims, and asking an allowance in lieu of a homestead and exempted property, and that the administration be declared closed.

In January, 1883, the marriage of Mariah J. Nichols to S. H. Barham was suggested, and an order making Barham a party defendant was granted. December 22, 1884, Barham answered, alleging his marriage with defendant Mariah J. Nichols, and asking that the suit abate, as his wife, under the statute, no longer had control and management of the community estate by reason of her marriage.

July 5, 1885, plaintiffs filed second supplemental petition, alleging the marriage, and alleging that Mariah had taken into her possession all the community property of herself and her deceased husband, J. J. Nichols; that their only child had died since the death of its father; that Mariah thus became the sole heir of the community estate and is now in possession of same, which was ample to pay all the community debts, and asked for judgment against her as surviving community partner, and against her husband, Barham, for conformity with law, and against her sureties on her community administration bond, and for general relief, etc.

Defendants excepted generally and specially to the second supplemental petition.

Defendants further pleaded specially that the land which plaintiffs claimed as belonging to the community estate did not belong to the estate, and, while the title was in the name of J. J. Nichols, he never owned the same, but the land belonged to one J. J. Hayter, who paid all the purchase money for same, and Nichols held the same in trust for Hayter.

The court overruled all defendants' exceptions and pleas in abatement, and rendered judgment in favor of plaintiffs for the several amounts claimed by each, with interest, against defendant and her sureties on her appeal bond, J. J. Hayter and Isaac Lawler.

*G. H. Gould,* for appellants, on the effect of the second marriage, cited: R. S., arts. 2181, 2182; Pucket *v.* Johnson, 45 Tex., 550.

On exempt property not being liable for community debts, he cited: R. S., arts. 1989, 1990, 1991, 1994, 1995, 2002, 2003; Mayman *v.* Reviere, 47 Tex., 357; Williams *v.* Hall, 33 Tex., 212; Mabry *v.* Ward, 50 Tex., 404; Steptow *v.* Martin, Tex. L. Rev., vol. 39, p. 603.

No briefs on file for appellee.

STAYTON, ASSOCIATE JUSTICE.— This action was instituted in the probate court under article 2176, Revised Statutes, by several creditors of the estate of J. J. Nichols, which was in course of administration by his wife surviving, under the provisions of the statute.

On hearing, the probate court adjudged that there were assets of the estate liable for the payment of the creditors' claims, and it ordered that citation issue to the sureties on the survivor's bond, requiring them to appear at the next regular term and show cause why judgment should not be rendered against them for the sums due the creditors.

From the judgment thus rendered the survivor appealed to the district court, which rendered a judgment against the survivor and the sureties on her appeal bond for the sums due to the several creditors; and it directed execution to issue against her separate estate, and against any community estate of herself and her husband, she having married pending the appeal. Judgment was also rendered against her husband, to be paid as before stated.

That the district court had none other than appellate jurisdiction in this case is very clear.

The decision appealed from was only to the effect that the estate had not been properly administered, or that there were still assets liable to the payment of debts; and the only question to be decided by the district court was whether the decision of the probate court was correct.

The statute under which the probate court acted is as follows: "But should it appear to the court from such exhibit or from other evidence that such estate has been improperly administered, or that there are still assets of said estate that are liable for the payment of the applicant's debt or any part thereof, and if said debt be for the amount of $1,000 or less, exclusive of interest, the court shall order citation to issue for the sureties upon the bond of such survivor, citing them to appear before such court at a regular term thereof, and show cause why judgment should not be rendered against them for such debt and costs, which citation shall be returnable as in other civil suits, and the proceedings in such case shall be the same as in other civil suits in said court." R. S., 2178.

This article, in connection with that which precedes and that which follows it, manifests the intention of the legislature to authorize an action against the qualified survivor and the sureties on the bond, on an approved claim, after twelve months from the filing of the inventory, appraisement and bond, if a *devastavit* be shown, or if it be shown that the survivor still has assets subject to the payment of debts.

Whether the facts exist which authorize the action to be brought are evidently to be determined in the first instance by the probate court, and from its determination an appeal may be taken, by either party, to the district court, without reference to the amount of the creditor's claim.

The question to be determined in the district court on appeal is the same question and none other than that passed upon by the probate court.

If it be decided by the probate court that the facts exist which

authorize a creditor holding an approved claim to sue, and that decision be not appealed from, or, if appealed from, it be affirmed, then the right of such creditor to sue the survivor and the sureties on his or her bond cannot be again questioned.

The decision fixes that right, but does not determine any other right.

The purpose of the statute evidently was to prevent persons holding approved claims from unnecessarily involving estates in litigation and costs; but at the same time to give to such a creditor a means, involving but little expense, by which he could have determined whether suit be necessary to protect his rights.

We are of the opinion that the district court, on the appeal, was empowered to determine, as was the probate court, whether the grounds existed which authorized the creditors to sue; and that this was the only question it had jurisdiction to pass upon, as the matter was before it.

The statute evidently contemplates that the ultimate question of liability of the survivor and sureties to the creditor shall be determined in the county court for civil causes, or in the district court, as the one or the other may have jurisdiction, to be determined by the amount of the creditor's claim.

Article 2179, Revised Statutes, in express terms, provides for an action in the district court of the proper county against the survivor and the sureties on the bond, if the amount due and payable to the creditor exceeds $1,000; and it excludes the idea that it was intended the ultimate liability of the survivor and sureties should be determined in or by the probate court.

It does give to that court the power to order the survivor to pay to the creditor the amount of his debt, when it exceeds $1,000, but it provides no manner in which such an order may be enforced against any person.

If the order be acquiesced in by the survivor and the creditor's claim paid, that is an end of the matter; but if it be not paid, then the creditor at the end of thirty days may have and is driven to his action in the district court as the only source of relief.

What effect, as evidence in the district court, certified copies of the proceedings in the probate court may have, is not declared by the statute, nor need it be now considered.

The claims of the creditors sought to be enforced in this case each amount to less than $1,000, and consequently must be governed by the provisions of article 2178, Revised Statutes.

County courts, under the constitution, exercise jurisdiction in civil

cases, which in the constitution is termed "civil jurisdiction;" in criminal cases, which is termed "criminal jurisdiction;" and they also exercise the general jurisdiction usually given to probate courts.

It is the "county court," however, whether exercising the one or the other class of jurisdiction, and its terms for civil and probate business are the same, and its officers the same.

The statute does not seem to contemplate that the survivor shall be again cited, but it directs that the sureties be cited to appear at some regular term of the court to show cause why judgment shall not be rendered against them.

It is declared that "the proceedings in such cases shall be the same as in other civil suits in said court."

The proceeding by which the liability of the survivor and sureties is to be ultimately established is termed a "civil suit," which a proceeding in the probate branch of the county court, under the provisions of the constitution, is not. The proceedings are directed to be the same as in other civil suits. It becomes practically a suit on the bond of the survivor and sureties, in which they may show that no *devastavit* has been committed, or that the assets of the estate have been fully administered, or any other fact which will show that no judgment ought to be rendered against them.

If the parties so desire they are entitled to have the facts which determine their liability or non-liability found by a jury (R. S., 3059–3061), for that constitutes a part of the proceeding in civil suits. This could not be had if the trial is to be in the probate branch of the court. R. S., 1803.

We are of the opinion that the statute contemplates, after the right, of a creditor holding an approved claim, to sue has been established in the probate court, that the creditor's proceeding shall be transferred to the civil docket of the county court, in all cases falling under article 2178, R. S., when, after the sureties have been cited, such a judgment may be rendered on the bond as the facts justify; but that the probate court has no jurisdiction to render such a judgment; from which it follows that the district court, on appeal, has no power to render such a judgment as was rendered in this case.

The district court, on hearing, should have made the same order as was made by the probate court, or should have declared that the estate had been properly administered, or that there were no assets still liable for the payment of debts, as the facts may have justified, and this was the extent of its power.

The creditors, if their right to sue was established, could then proceed in the county court as provided by the statute.

The fact that the survivor has married since the institution of this proceeding in the probate court does not interpose any reason why the proceeding there commenced may not on the appeal to the district court be determined.

Nor does the fact of her marriage, if it be established by the decree of the district court that the creditors have the right to sue, furnish any reason why they may not each prosecute their claims severally in the county court as provided in the statute; for the suits will be practically suits against her and the sureties on her bond in a court having jurisdiction of such civil suits under the express provisions of the statute, which in this class of cases, under section 22, article 5, of the constitution, may be considered a change of the jurisdiction of the county courts.   Her husband should be made a party to such suits.

In view of the facts presented, in order to facilitate the further disposition of the case, we deem it proper to say that in ascertaining whether there has been a *devastavit*, or whether there are assets still on hand subject to the claims of creditors, all such property or money in lieu thereof as would have been set aside to the widow and child as exempt, or as the year's allowance, by a probate court, had the administration been under other provision of the statute than that regulating the administration of community property by a survivor, should not now be considered as assets of the estate.

The judgment of the district court will be reversed and the cause remanded, that the district court may pass upon the only question of which it has jurisdiction.

It is so ordered.

REVERSED AND REMANDED.

[Opinion delivered November 24, 1885.]