W. N. Coombes, Administrator, v. Georgia Bush.

No. 5249. Decided April 10, 1929.
(15 S. W., 2d Series, 602.)

*White & Yarborough,* for appellant.

The Court should not have overruled appellant's general demurrer for the Court was without jurisdiction to hear this cause, and there was nothing before the Court. Rev. Stats., art. 3290.

*J. L. Turner,* for appellee.

In the first place we wish to call the Court's attention to the fact that we do not think this Court has jurisdiction of appellant's appeal because the matter involved therein did not originate in the said Probate Court in the cause appealed from it to the said 14th District Court.

The question as to the funds involved herein was first raised after the appeal to said District Court and was no part of said cause coming from the Probate Court. When the question as to the funds herein mentioned was so raised it was an effort on the part of the estate through Earl White to make the same a part of the assets of the estate, and the order was made while the District Court was sitting in Probate on the Estate above mentioned, and as appealed from said Probate Court.

As a matter of law the District Court had only jurisdiction of the question involved in said appeal to it from said Probate Court, which was the removal of Georgia Bush as administratrix and the appointment of Earl White in her stead. And since it was without jurisdiction to pass upon the question of the funds above mentioned for the reasons above set out this court is without jurisdiction to entertain Appellant's appeal, and the same ought to be dismissed for want of jurisdiction. Pierce v. Foreign Mission Board, 235 S. W., 552.

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals makes the following statement of this case in the certificate:

"On November 18th, 1924, Earl White filed in the Probate Court of Dallas County, Texas, his application to remove Georgia Bush as administratrix of the estate of M. E. Gray, deceased, and to have himself appointed in her stead. The case was tried by said court and the application was by it refused, and Earl White appealed therefrom to the 14th Judicial District Court of Texas. While said cause was pending on said appeal said Earl White through

his attorneys brought to the attention of the 95th Judicial District Court of Texas, sitting for said 14th Judicial District Court, in said cause so appealed, that the Masonic Grand Chapter of the Eastern Star had the sum of $276.00 belonging to said estate, and the court ordered said sum to be paid over to the District Clerk as funds of said estate to be paid by said Clerk under the order of the court, and the sum of $280.41 was paid over as per said order; that thereafter said Georgia Bush and said Earl White entered into an agreed judgment whereby each waived his right to administer said estate, and that W. N. Coombes be appointed such administrator and judgment was entered by said 14th Judicial District Court as per said agreement, but no disposition was made in said judgment as to the money so deposited with said District Clerk. That said judgment was certified to said Probate Court for observance and by it observed; that thereafter and on August 26th, 1926, Georgia Bush filed in said 14th Judicial District Court her motion to withdraw said money so deposited in court and that the District Clerk pay to her the sum of $278.41, her portion thereof. She based her motion and right to said fund on the ground that her mother, said M. E. Gray, deceased, had under the rules, laws and customs of the said Masonic Grand Chapter and Ada Chapter, a local lodge of said Grand Chapter, designated the said Georgia Bush, Earl White and Willie White beneficiaries of said money in the sum of $278.41 to herself and $1.00 each to the other beneficiaries. The administrator, W. N. Coombes, contested said motion and asked that the entire sum be turned over to him as administrator of said estate. The matter was submitted to Hon. Claude H. McCallum,, Judge of the 101st Judicial District Court sitting for the 14th District Court, and a judgment rendered decreeing to Georgia Bush the sum of $278.41, and $1.00 each to Earl White and the said estate of M. E. Gray, deceased.

"The administrator appeals from this judgment.

"The order, in response to which the money was paid into the registry of the court, reads:

" 'On this 15th day of October, A. D. 1925, it being brought to the attention of the Court by attorneys for Earl White that there was due to the Estate of Mrs. M. E. Gray, Deceased, the sum of $451. upon the death of said Mrs. M. E. Gray, from the Masonic Grand Chapter of the Order of the Eastern Star, and that $175. of said amount has been paid into said Estate, and that the total amount now due to the Estate of Mrs. M. E. Gray, Deceased, is

$276.00, and that said sum is now due and payable and said "Masonic Grand Chapter of the Order of the Eastern Star" now has on hand said sum of $276.00 with which to pay the remainder of said obligation due by it upon the death of Mrs. M. E. Gray, it is the opinion of the Court that said sum should be paid into the District Clerk of Dallas County and credited to this Estate and held by said District Clerk to await the final outcome of this case.

" 'It is therefore ordered, adjudged and decreed by the Court that the said "Masonic Grand Chapter of the Order of the Eastern Star" pay to John H. Cullom, District Clerk of Dallas County, Texas, the sum of Two Hundred Seventy-Six Dollars, said sum to be paid out by said District Clerk under the orders of this Court.'

"As shown by the majority opinion of this Court, a copy of which is hereto attached and made a part hereof, it was held that the money on deposit in the registry of the Court should have been ordered paid to the Administrator of the Estate of M. E. Gray, deceased, and the judgment of the lower court was reversed and rendered with instructions to the District Clerk to pay the money in controversy to the appellant, or his successor.

"Chief Justice Pelphrey dissented from the view expressed in the opinion of the majority and the judgment rendered by the majority. The Chief Justice was of the opinion that the order from which the appeal was taken should be reversed and judgment here rendered dismissing the motion of Georgia Bush."

Under the above statement the Court of Civil Appeals has certified the points of dissent to this court, as provided for under R. C. S. of Texas, Art. 1852.

We are in accord with the views expressed in the dissenting opinion of Chief Justice Pelphrey.

As disclosed by the statement of the case contained in the certificate, Georgia Bush was administratrix of the estate of M. E. Gray, deceased, and one Earl White filed an application to remove her as such administratrix, and have himself appointed in her stead. On trial of the application in the county court, that court refused to remove said Georgia Bush, and White appealed to the District Court, from such action of the county court. By such appeal, the district court only obtained jurisdiction to try the question or issue originally presented to the probate court. This proposition of law is settled by the authorities cited by Judge Pelphrey, viz.: Nichols v. Oliver, 64 Texas, 647; Pierce v. Foreign Mission Board of Southern Baptist Convention, 235 S. W., 552 (Comm. App.);

Carr v. Froelich, 220 S. W., 137, (Civ. App., writ ref'd) ; Stewart v. Moore, 291 S. W., 891, (Comm. App., opinion approved).

It is true that the money was paid into the registry of the district court by the Masonic Grand Chapter of the Eastern Star in obedience to an order made by that court, but the court was utterly without jurisdiction in the premises, and therefore, under the circumstances, acquired no jurisdiction over the fund, further than to vacate its own void order and return the money to the person or party depositing the same. The money so deposited in obedience to such void order is still the property of the depositor. When the money is returned to the depositor Mrs. Bush and the administrator can litigate in a court of competent jurisdiction the issue as to who is entitled to it. It certainly would be improper where two parties are asserting adverse claims to a fund to turn it over to one of the parties and tell the other party to sue his adversary for it. This would be true even if the district court had jurisdiction of such fund. In this case the Masonic Grand Chapter of the Eastern Star has the right to hold the money, if they see fit, as stake holder until it is decided in a court of competent jurisdiction who is entitled to it. As we understand from the certificate, Mrs. Bush is not claiming this fund through the estate or as a part thereof, but is claiming adversely to said estate. In such a case, she is entitled to maintain a civil action in a court of competent jurisdiction for the fund. Red River County Bank v. Higgins, 72 Texas, 66, 9 S. W., 745.

In our opinion the district court was, and is, utterly without jurisdiction over the fund in question, except to rescind its original void order and return it to the party depositing it. Therefore the only decree that the district court should have entered with reference to this fund was a proper order rescinding its original order and directing the district clerk to return it to the Masonic Grand Chapter of the Eastern Star. It follows that the order of the district court granting the relief prayed for by appellee should be reversed and the motion dismissed.

Our discussion of the case disposes of the points of dissent certified, and we recommend that this opinion be certified as the answer of the Supreme Court to such points.

Opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.