### JOHNSON et al. v. STALCUP et al.
### No. 4268.

Court of Civil Appeals of Texas. Amarillo.

Sept. 17, 1934.

B. N. Richards, J. B. Honts, and Schloffman & Merchant, all of Dalhart, for appellants.

W. C. Strong, Wilson Cowen, and King Fike, all of Dalhart, for appellees.

JACKSON, Justice.

This is an appeal from a judgment of the district court of Dallam county sustaining appellees' exceptions and plea in abatement to and dismissing the application of appellants for a partition and distribution of the estate of Michael Keating, deceased.

Michael Keating died in Dallam county, Tex., on or about February 2, 1932, leaving two purported written wills. The first dated June 1, 1929, named Charles C. Wood as executor thereof and devised and bequeathed all of his property to his two brothers, Thomas Keating and Redmond Keating, and his two sisters, Marie Keating and Catherine Keating Herrington, each of whom was a feme sole. The second was a holographic will in the following language:

"October 18, 1931, Dalhart, Texas.

"I want Will Johnson to have all my estate and money.

"M. Keating."

The first will was offered for probate in Dallam county by Charles C. Wood and the legatees therein, who were represented by the law firm of Tatum & Strong of Dalhart. The second will was presented for probate by W. C. D. Johnson, named therein as Will Johnson, who was represented by the law firms of Stalcup & Fike and Underwood, Johnson, Dooley & Simpson.

The county court of Dallam county, upon a hearing, entered judgment probating the second or holographic will of the deceased and refused to probate the first will, from which judgment the proponents of the first, who also contested the probation of the second will, prosecuted an appeal to the district court of Dallam county.

In 1932, at the May term of said district court, judgment was rendered, the recitations of which, material to this appeal, are, in effect, that all the parties were adults, capable of making settlement, and, in open court, appeared and announced that all matters in controversy had been settled and a division of the property agreed upon; that such agreement was, in substance, that Will Johnson, or W. C. D. Johnson, the appellant herein, should receive all the real property belonging to the estate; that all other property belong-

ing thereto should be awarded one half to Will Johnson and the other half to Thomas Keating, Redmond Keating, Marie Keating, and Catherine Keating Herrington; that it was agreed that all just debts should first be paid out of the estate, including the court costs and the fee of Charles C. Wood as temporary administrator, and the remainder of such estate, consisting of bills, notes, and accounts, should be divided one half to Johnson and the other half to the Keatings; that the court, having found that the agreement was just and fair to all parties, approved the settlement.

After thus stating the substance of the agreement, the judgment recites that the court, after hearing the evidence adduced, finds that the second or holographic will dated October 18, 1931, and admitted to probate by the county court, was valid, entitled to probate, and the judgment of the probate court "is hereby in all things affirmed and approved and the probate of said will is hereby made final and complete." The decree then appoints Frank M. Tatum, a member of the law firm of Tatum & Strong, and Robert E. Stalcup, a member of the firm of Stalcup & Fike, as joint executors of the holographic will and directed that they execute such conveyances as were necessary to vest the title to all the real property of the estate in Will Johnson and to take possession of all other property belonging thereto, consisting of cash, bills, notes, bonds, and accounts receivable, and to make a division thereof by first paying all just and legal debts of Michael Keating, deceased, including the funeral expenses, doctor bills, court costs incurred, and the legal fees of Charles C. Wood as temporary administrator and "to divide the remaining cash on hand and to divide as they collected the same from notes and accounts due Michael Keating," paying one-half of the cash on hand and the money collected to Will Johnson, subject to attorneys' fees, and to pay the other half to the Keatings jointly. The executors were directed to release all liens and receipt for all debts and accounts and to execute bond as prescribed by law in the sum of $30,000. That J. N. Cole was appointed executor of the will by the county court, but as he had never qualified, such appointment was vacated and in all things annulled.

This judgment by order of the court was certified to the county court for its observance.

On August 11, 1933, the appellant herein filed in the county court of Dallam county his application to have the property remaining in the hands of the executors partitioned and distributed among the owners thereof. He alleged in such application the provisions of the agreed judgment, the appointment of Frank M. Tatum and Robert E. Stalcup as co-executors of the probated will, the requirement by the decree of bond in the sum of $30,000, that the bond was given and approved, that they each took the oath of office and entered upon the duties thereof, that appraisers were appointed, an inventory and appraisement returned and approved, and that said executors duly conveyed to this applicant all the real estate belonging to said estate, according to the directions of said judgment. That he is entitled to one-half of the personal property most of which was in the form of secured notes, and that, while he does not know the condition of said estate, he believes and alleges the facts to be that all the expenses of the administration and all the debts of the deceased have been paid and that the property on hand, consisting of secured notes and cash on hand, is susceptible of partition in kind among the parties entitled thereto.

Martha Johnson, by permission of the court, intervened, adopted the pleading of W. C. D. Johnson, and alleged that she is the holder of a written assignment from the said Johnson of 50 per cent. of his interest in said estate and prayed that such portion thereof be partitioned and distributed to her.

The executors answered by what the judgment designated pleas in abatement, pleas in bar, and pleas in estoppel, alleging that there were legal and valid debts still outstanding, that there was no fund on hand out of which such debts could be paid and no property that could be set aside for the payment of such debts with certainty and fairness, since such property was of a kind and nature that it would be inequitable to attempt a partition thereof, for which appellants' suit should be abated and dismissed. They also pleaded as a bar to maintaining the suit the judgment of the district court, set out the terms and provisions thereof relative to their appointment, their authority thereunder, to all of which they claim appellants were parties and to which they consented.

The Keatings adopted the so-called plea in abatement and plea in bar of the executors, and urged numerous demurrers.

The court sustained said pleas and dismissed the application of W. C. D. Johnson for partition and distribution of the estate remaining in the hands of the executors. From

this action, an appeal was prosecuted to the district court, and, upon a hearing in said court on November 20, 1933, judgment was entered sustaining "the exceptions in the nature of a plea in abatement" and the suit was dismissed, and such judgment is before us for review.

■ Appellant having pleaded that he was entitled to one-half of the property, that all expenses of the administration and all the debts of the deceased had been paid, and that the property on hand was susceptible of partition, and appellees in their plea in abatement having alleged the debts were not paid and such property was not divisible in kind, it is manifest that an issue of fact was presented and the court committed error in sustaining such plea as a matter of law without hearing any testimony.

■ The judgment relied on was not a bar to the suit for partition, if considered as an agreement, since according to the recitations therein the agreement related to the portion of the property to be received by Johnson and the part thereof to be awarded to the Keatings. There is nothing in the record to show any agreement to the effect that the will should be probated, executors appointed who should take possession of the money and notes and distribute the cash and the money as collected or the bond that should be required of such executors. According to the judgment, the will was probated on the testimony adduced and the court appointed the executors and specifically directed them how the estate should be administered, independent of the agreement recited.

Without committing this court thereon, we feel constrained to call attention to what may be fundamental error apparent of record.

The district court did not have original jurisdiction to probate the will of Michael Keating, deceased. Its jurisdiction was acquired by an appeal from an order of the county court admitting said will to probate. By virtue of its appellate jurisdiction, the case was tried de novo on the evidence adduced, the will was probated, and the judgment of the probate court confirmed.

In Pierce et al. v. Foreign Mission Board of Southern Baptist Convention et al. (Tex. Com. App.) 235 S. W. 552, 554, the facts revealed in the opinion necessary to illustrate our position are, in substance, that S. H. Pierce made a will making separate bequests to his wife, to the foreign mission board of Southern Baptist Convention, and to his children, and named his son-in-law and two of his sons as independent executors of the will.

The testator died, the will was probated, the executors qualified and took charge of the estate. Thereafter an independent suit was instituted by what the record indicates were some of the testator's children, to vacate the order of the county court probating the will. This suit was tried in the county court, which refused to vacate the order probating the will, and an appeal was taken to the district court. In said court a compromise agreement was filed which, among other things, provided that said court should enter a judgment denying the contest and probating the will of S. H. Pierce. That said court should decree Mrs. S. E. Pierce a life estate in all the community and all the property devised to her by her husband, with the remainder to their eight children, and divest all title out of the foreign mission board. That neither testator nor his wife had any separate property, that the court should appoint receivers of all the property of the community estate, pay taxes and pay Mrs. Pierce's expenses during her life. That all claims of the estate against the parties to the suit should be released, with certain exceptions, that all costs of suit and the expenses of the receivers should be paid out of the money belonging to the estate, and that five-eighths of the community estate, except a life estate to the wife, and the homestead, should be vested in the foreign mission board.

The Commission of Appeals says:

"The controlling question in this case, as we view it, is whether or not the district court had jurisdiction to render the agreed judgment it did render. We think the district court was without such jurisdiction, and that the judgment so entered was void. The jurisdiction of district courts in the administration of estates of deceased persons is appellate only. All persons interested in the administration of an estate have the right of appeal to the district court from any order of the county court made in such administration. Upon such appeal the issues involved in the order or action of the court appealed from will be tried de novo in the district court, but the latter's jurisdiction over the administration extends only to the determination of the questions presented by the appeal; that is to say, the case must remain in the district court the same suit it was in the county court, for, the jurisdiction of the former in the matter being appellate only, it cannot be extended beyond that of the county court. * * *

"It is elementary that jurisdiction cannot be conferred by consent or agreement of the

parties. The Court of Civil Appeals has so admitted. It further concedes that this judgment was not within the legal or constitutional jurisdiction of the district court, but it says it was in its potential jurisdiction, and the judgment by agreement was valid. The court does not explain just what it means by potential jurisdiction, but we suppose it means that which it is possible for a court to adjudicate.

"In this connection it is urged by counsel that the district court, as a general rule, has jurisdiction of suits affecting real estate, and, as the widow's title to realty was involved in the agreed judgment, the court had authority to render it. In this reasoning we cannot concur. * * *

"As a matter of fact, the judgment was not consistent in its parts. It provided that the will should be admitted to probate and certified the same to the county court for observance. Then, in the very next breath, the judgment annulled practically every provision of that very will and took the administration of the estate out of the hands of those named in the will as executors and placed it in the hands of receivers to be appointed by the district court and responsible to it. The net result of the judgment was to transfer the permanent administration of the estate indefinitely from the county court to the district court. For the many reasons stated, we are clearly of the view that the district court was without jurisdiction to render the judgment it did render."

In Coombes v. Bush, 118 Tex. 386, 15 S.W. (2d) 602, 603, the Commission of Appeals says:

"The district court only obtained jurisdiction to try the question or issue originally presented to the probate court. This proposition of law is settled by the authorities cited by Judge Pelphrey, viz., Nichols v. Oliver, 64 Tex. 647; Pierce v. Foreign Mission Board of Southern Baptist Convention (Tex. Com. App.) 235 S. W. 552; Carr v. Froelich (Tex. Civ. App.) 220 S. W. 137 (writ refused); Stewart v. Moore (Tex. Com. App.) 291 S. W. 891 (opinion approved)."

The decisions indicate that the decree, to the extent that it disposed of issues not before the county court is void, because said district court had not acquired jurisdiction thereof. After admitting the will to probate, the net result of the additional order of the district court, as said in Pierce et al. v. Foreign Mission Board, etc., supra, "was to transfer the permanent administration of the estate indefinitely from the county court"

to the executors appointed who, under the law, could not administer the estate independent of the probate court, and such court was limited in administering the estate to the "observance" of the decree of the district court.

 We do not wish to suggest that the entire judgment of the district court was void, because a "judgment may be void in part and valid in part, depending upon the extent to which jurisdiction was acquired." 25 Tex. Jur. 695, § 225.

The judgment is reversed and the cause remanded.