J. B. JONES, ADMINISTRATOR, V. G. A. WYNNE.

No. 7276. Decided June 7, 1939.
Rehearing overruled July 5, 1939.
(129 S. W., 2d Series, 286.)

*J. S. Bracewell,* of Houston, for plaintiff in error.

Where upon application for the sale of real estate by the probate court, it is made to appear that the validity of the order approving the claim is being contested by parties interested in the estate and that such cause is pending in the appellate court, it is an abuse of the discretion on the part of the trial judge not to stay the proceeding upon said application for sale until a final determination of the validity of the order upon which the sale is based. Cattlemen's Trust Co. v. Blasingame, 184 S. W. 574; Long v. Long, 269 S. W. 207; Holt v. Uvalde County, 269 S. W. 73.

*Dean & Humphrey,* of Huntsville, for defendant in error.

A former action brought to a court which has no jurisdiction of the subject matter cannot be pleaded as another action pending. Red Deer Oil Dev. Co. v. Huggins, 155 S. W. 949; Miller v. Drought, 102 S. W. 145; Langham v. Thomason, 5 Texas 127.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

This suit originated in the probate court by the filing by G. A. Wynne of his application to sell 1920 acres in the Seaburn A. Mills Survey in Walker County to pay his claim of $16,386.00 allowed by the administrator and approved by the probate court against the estate of Helen M. Jones, deceased, as a secured claim secured by a lien on the 1920 acres of land. The probate court granted the application ordering sale of the land February 16, 1934, as the property of the estate of Mrs. Jones, and the administrator, J. B. Jones, appealed to the district court. The transcript and original papers were filed in that court on March 13, 1934. The administrator filed a plea in abatement on the ground, among others not material here, that the certiorari proceedings in which the children of Helen M. Jones were seeking to review the action of the probate court in approving the above claim, had been filed, tried, and appeal perfected. That case was decided against their contentions by the district court and Court of Civil Appeals, and the judgments of those courts have today been upheld by this Court in an opinion in which it is held that the trial court had no jurisdiction to review by certiorari the probate court's action in approving Wynne's claim. Jones et al v. Wynne et al., (this volume p. 436), 129 S. W. (2d) 279.

As pointed out by the Court of Civil Appeals, if its holding in the case cited is correct then the judgment of the trial court in the present case refusing to abate this cause, is likewise correct. Upon this holding it affirmed the trial court's judgment. 104 S. W. (2d) 145. The holding of the Court of Civil Appeals is obviously correct, and its judgment affirming that of the trial court, is affirmed.

Opinion adopted by the Supreme Court June 7, 1939.

Rehearing overruled July 5, 1939.