J. W. DUNAWAY v. MRS. N. E. EASTER ET AL.

No. 7495. Decided June 7, 1939.
(129 S. W., 2d Series, 286.)

*J. V. Patterson* and *C. T. Gettys,* both of Decatur, for plaintiff in error.

The district court is without jurisdiction to set aside the order of probate court approving claims by a certiorari proceeding, as the statute provides a method of appeal which is exclusive and excludes all other methods of having the district court review the action of the probate court. And it was error for the Court of Civil Appeals to affirm the judgment of the district court in canceling and setting aside the approval of such claims of the probate court and substituting its own judgment for a lesser amount. DeCordova v. Rogers, 97 Texas 60, 75 S. W. 16; Luby v. Bell, 15 S. W. (2d) 106; Ellis v. Holcombe, 69 S. W. (2d) 454.

*Penn J. Jackson,* of Cleburne, and *W. C. Shultz,* of Decatur, for defendant in error.

The district court had power and jurisdiction, on certiorari to the county court to review the granting of administration and all orders therein, even to reducing the amount of a claim, the same having been attacked on the ground that it was

allowed without due notice, by fraud and was barred by limitation. Graves v. Robertson 22 Texas 130; Scruggs v. Gribble, 17 S. W. (2d) 153; Stevens v. Price, 16 Texas 572.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

J. W. Dunaway was appointed administrator of the estate of U. S. Dunaway by the County Court of Wise County. The deceased died on April 14, 1938. The application of Dunaway for letters of administration was filed the 29th of October of the same year and was granted November 9th of that year. The inventory and appraisement filed and approved on the 16th day of November, 1936, lists as deceased's separate property real estate of the appraised value of $2515.00. It lists no community or personal property of any kind.

Two small claims, one of D. E. Smith and one of J. E. Mara, aggregating $52.41, show to have been presented to and allowed by the administrator on November 12, 1936, and to have been approved by the county judge on December 5th following. The only other claim shown to have been approved by the probate court is that of the administrator himself for $2400.00, which was sworn to by him on November 12, 1936, as being owned by himself, and as being the "amount due for board, washing, ironing and personal care" furnished the deceased "by J. W. Dunaway and wife during the period of six years immediately preceding his death, * * *." The probate court approved this claim on the same date that the others were approved, each by a separate order.

On February 5th, 1937, N. E. Easter, N. A. Hughes, Emma Hines, and husband, J. J. Hines and J. T. Jackson, residents of Johnson county, filed in the District Court of Wise County their petition for certiorari to the county court against J. W. Dunaway, individually and as administrator. The petition alleged the granting of letters of administration to Dunaway, and that thereupon the estate of the deceased "was opened and such administration *is now pending* * * *"; and further alleged the approval by the probate court of the three claims above referred to. (Italics ours). The errors alleged by the petition for certiorari to have been committed by the probate court are, among others, the opening of the probate proceedings, alleged to be error because there was no debts against the estate and no "necessity existed or does exist for administration"; that Mrs. Easter was a sister of the deceased and the nearest of kin to him, and that if administration should

be found to be necessary, then she should be appointed administrator; that the process for posting notice was not issued and served in the manner required by law in that the return on the process showed that it was returned by the officer one day after its issuance, and that it could not therefore have been posted for ten days; that the appointment of Dunaway and all subsequent proceedings were obtained by a fraud perpetrated by Dunaway upon Mrs. Easter and the other plaintiffs in that the probate court asked Dunaway's counsel to notify Mrs. Easter's counsel of the filing of Dunaway's application and that they did not do so; that plaintiffs did not learn of the proceedings in time to appeal therefrom and all such proceedings were void. The prayer of plaintiffs was that *all orders, judgments and decrees* of the county court *be cancelled and set aside;* and in the alternative that if it should be found that administration was necessary that Mrs. Easter be appointed administrator and for general and special relief.

The district court not only granted the application for certiorari but upon hearing cancelled and set aside the action of the probate court in approving Dunaway's claim for $2400.00 and substituted in lieu thereof its (the district court's) action in establishing and approving his claim in the sum of $500.00. "All other orders" of the probate court, as appears from the district court judgment, were "affirmed and allowed to stand as made in the county court * * *," including the order granting letters of administration to Dunaway. The Court of Civil Appeals affirmed the judgment. 119 S. W. (2d) 421.

█ Clearly if the order of the probate court appointing Dunaway administrator was valid then the orders of that court approving the claims were final and not subject to review in the district court, except upon direct appeal, and the Court of Civil Appeals erred in affirming the judgment. Jones et al v. Wynne et al (Com. App.), 133 Texas 448, 129 S. W. (2d) 286, 6 TSCR, 741.

█ It is correctly stated in the opinion of the Court of Civil Appeals that the judgment of the district court must be presumed to have been supported by the evidence since no statement of facts was filed.

█ It is settled that the district court's jurisdiction over probate proceedings had in the administration of the estate of deceased persons is appellate only. Jones et al v. Wynne et al., supra; Id. 104 S. W. (2d) 143, 2nd col. par. (1); Pierce v.

Foreign Mission Board (Com. App.), 235 S. W. 552; Johnson et al v. Stalcup, 74 S. W. (2d) 751; Const. of 1876, Art. 5, sec. 16.

It therefore follows that the district court erred in taking any action upon the petition for certiorari other than to dismiss it. It appears upon the face of the petition that administration of the estate was in process in the probate court at the time the petition was filed. It does not appear from the allegations of the petition, nor is it claimed by any of the parties, that the adjudication of any of the matters complained of were beyond the powers of the probate court. If there was no error in the order of that court appointing Dunaway administrator, as found by the district court, it became its duty to dismiss the petition and it erred in not so doing.

The judgment of the Court of Civil Appeals affirming the district court judgment is reversed and set aside, as is also the judgment of the district court; and judgment is here rendered dismissing the application of defendants in error for certiorari from the district court to the county court.

Opinion adopted by the Supreme Court June 7, 1939.