Kate Howard USHER, Appellant,

v.

**GLASS, SORENSON & McDAVID INSUR-
ANCE COMPANY, Appellee.**

No. 241.

Court of Civil Appeals of Texas.

Corpus Christi.

Dec. 15, 1966.

Rehearing Denied Jan. 5, 1967.

F. Warren Hicks, Houston, for appellant.

W. N. Woolsey of Lewright, Dyer & Redford, Corpus Christi, for appellee.

## OPINION

NYE, Justice.

Plaintiff Kate Howard Usher filed suit against defendant Glass Sorenson & McDavid Insurance Company, an insurance agency, for the return of premiums collected by them, alleging that defendant conspired with certain other defendants to cheat and defraud the plaintiff. The trial court granted defendant's motion for summary judgment. Plaintiff has perfected her appeal to this court.

One of the defendants in this original suit was the temporary administrator of the estate of Howard S. Cunningham, deceased. Prior to the filing of the instant suit, an appeal from the admitting of a purported will to probate of decedent Cunningham was perfected to the district court and subsequently appealed to the Court of Civil Appeals and the Supreme Court. The appellate courts reversed the judgment of the district court admitting the will, and rendered judgment denying probate of the will. Usher v. Gwynn, 375 S.W.2d 564 (Tex.Civ.App. San Antonio 1964); Ashley v. Usher, 384 S.W.2d 696 (Tex.Sup.1964). Following the decision by the Supreme Court the plaintiff in this case, who was the sole heir of decedent Cunningham's estate, brought suit against the County Judge who admitted the original will to probate, the temporary administrator of the Cunningham estate, the attorney representing the administrator, the lumber company who stored some of the personal effects of the decedent, the insurance company on the bond for the temporary administrator and on the bond for the County Judge, and the insurance agency where the bond and a policy of insurance were purchased. The plaintiff alleged that these defendants "willfully and maliciously conspired together and caused to be presented claims pending appeal and writ of error, * * *" for attorney fees, commissions, bond and insurance premiums, and storage fees in the amount of $1629.65; that although the County Judge approved each of these claims and the same were paid by the temporary administrator from funds of the estate of Howard S. Cunningham, deceased, said defendants in presenting such claims had no lawful right to receive payment of such claims from the estate and that the plaintiff has therefore been cheated and defrauded of this sum.

Defendant-appellee answered this suit with a general denial and subsequently filed a motion for summary judgment. The trial court severed and re-docketed plaintiff's suit against this defendant insurance agency separately from the other defendants named above. Defendant filed an affidavit in support of its motion for summary judgment setting forth evidence sufficient on its face to establish facts which if proven at the trial would entitle the defendant to an instructed verdict. . Plaintiff presented no evidence in support of her allegations in her petition.

The affidavit by defendant appellee stated that he was one of the owners of the insurance agency, and he was asked to write or provide a bond for the temporary administrator of the estate of Howard S. Cunningham, deceased; that he did provide such bond placing it with Aetna Insurance Company; that he did not participte in the decision to require such bond of the administrator nor did he have anything to do with fixing the amount of the premiums paid as consideration for such bond; that he accepted payment of the premiums and forwarded the same to Aetna Insurance Company, less his commission; that this was the sole contact of the defendant with the matter of the temporary administrator's bond. He stated that the only other contact defendant had with the estate was in regard to a

request that he write insurance coverage on certain personal property of the estate that was in storage; that he wrote the coverage through one of his underwriting insurance companies, accepted payment, and forwarded the premium less his commission to the company; that he had nothing to do with the decision on the part of the estate or its representative to purchase the insurance and had nothing to do with fixing the amount of the premiums to be paid.

Plaintiff argues that although such claims were approved and payment was made prior to the decision by the Supreme Court, the County Court of Aransas County had no authority to do so, as its authority had been superseded by an appeal to the district court and to the appellate courts. Plaintiff contends that the mandate from the Supreme Court of Texas adjudging the costs to be taxed against the proponents (the losing parties) entitles her to the entire estate of the decedent and that all monies paid out and charged against the estate during the interim was done so without lawful authority; that this defendant recipient of a portion of these funds, should be required to reimburse the estate in the amount of $718.20 it received. Plaintiff summarizes her contention in her pleadings by alleging that the Supreme Court of Texas has "affirmed the judgment of said Court of Civil Appeals and has issued its mandate, dated January 20, 1965, and decreed 'that accordingly probate of the will offered by proponents be denied'. Such decision of the Supreme Court of Texas holds that plaintiff is entitled to the full and complete estate of Howard S. Cunningham, deceased, of which he died seized and possessed." We do not construe the holding of the Supreme Court as such.

■ Section 131 of the Probate Code, V.A.T.S. requires that a temporary administrator in order to qualify, must among other things file with the county clerk a bond approved by the court. Plaintiff contends that the cost of such bond must be borne by the temporary administrator individually and is not to be chargeable against the decedent's estate. Citing Jarvis v. Drew, 215 S.W. 970 (Tex.Civ.App. Fort Worth 1919, writ ref.). She contends further that Section 194 of the Probate Code, Paragraph 11, permits the charging of the cost of the bond against the estate where a corporate surety has been used, only in such instances where the penal sum exceeds $50,000.00. This is not so. The Probate Code has been amended since the decision in Jarvis v. Drew, and Section 194 of the Probate Code does not so limit the charging of the costs of a bond with corporate sureties. The commentary following Section 194 says "Both in connection with estates of decedents and guardianships, the Legislature has encouraged the use of corporate sureties by providing that premiums on the bonds of such sureties shall be paid out of the assets of the estates * * *." 1790 Probate Code, Sec. 194, p. 619. Although this precise question of whether the premiums were a proper charge against the decedent's estate under the above facts is not before us, we hold that in any event any cause of action based on any unlawful dissipation of the decedent's estate by the payment of insurance premiums on personal property or payments made to procure a bond for the temporary administrator, would be enforceable against the temporary administrator's bond and not against the insurance agency writing such bond.

■ The summary judgment must be affirmed here because the plaintiff offered no evidence that defendant conspired with anyone to defraud the plaintiff. The plaintiff did not plead any facts setting up such conspiracy; her petition was not sworn, nor did she file any affidavits tending to impeach or discredit the affidavit of the defendant filed in support of his summary judgment motion. Although the uncontroverted evidence here is from an interested witness, there are no circumstances and no evidence tending to discredit or impeach the defendant's affidavit. This is an exception to the general rule but it is true especially where the plaintiff had the means or the opportunity of disproving the testi-

mony if it were not true and failed to do so. Valley Stockyards Company v. Kinsel, 369 S.W.2d 19 (Tex.Sup.1963). Where facts entitling the moving party to prevail have been established by affidavit as in the instant case, the motion for summary judgment will not be denied even if the opposite party has alleged matters in its pleadings which if proved would require that a different judgment would be rendered. If the plaintiff expected to defeat the motion for summary judgment by showing an issue of fact as to whether a conspiracy was committed, it was incumbent upon her to come forward with "evidence" sufficient to raise that question. Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948 (Tex.Sup.1960); Spillyards v. Ferris Brick Company 390 S.W.2d 837 (Tex.Civ.App. Waco 1965, no writ).

 In an action on motion for summary judgment where the motion is supported by an affidavit sufficient on its face to establish facts which if proven at the trial would entitle the movant to an instructed verdict, the opponent must show opposing evidentiary data which will raise the issue as to a material fact or must justify his inability to do so and seek appropriate action. Sparkman v. McWhirter, 263 S.W.2d 832 (Tex. Civ.App. Dallas 1953, writ ref.). The rule is stated in 4 McDonald Tex.Civ.Prac., Sec. 17.26 p. 1389: "Hence the sound rule is that a genuine issue of material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, in the absence of counter affidavits or evidence to sustain them."

 Plaintiff's unsworn petition alleged primarily conclusions and no facts upon which raises a genuine fact issue. She did not offer any counter affidavits, depositions or other evidence disproving the facts set forth in defendant's affidavit. On the other hand, defendant's motion for summary judgment, supported by a competent affidavit which demonstrates the absence of any true issue, requires this court to sustain the motion for summary judgment. Allen v. Western Alliance Insurance Company, 162

Tex. 572, 349 S.W.2d 590 (Tex.Sup.1961); 29 Tex.Law Rev. 688.

We have considered appellant's other points which are without merit.

The judgment of the trial court is affirmed.