**Kate Howard USHER, Appellant,**

v.

**Lola L. BONNER et al., Appellees.**

**No. 368.**

Court of Civil Appeals of Texas.

Corpus Christi.

May 31, 1968.

Rehearing Denied July 11, 1968.

F. Warren Hicks, Houston, for appellant.

Lola L. Bonner, Rockport, for appellees.

## OPINION

NYE, Justice.

Lola L. Bonner and Charles T. Picton Lumber Company, Inc., appellees, filed their motion in this Court to dismiss the appeal on the grounds that this Court is without jurisdiction. Appellees contend that appellant has attempted to appeal a portion of an original cause of action and that it is a purported appeal from an interlocutory order and not from a final judgment.

The appellant was successful in an original contest of the application to probate the last will and testament of Howard S. Cunningham, deceased. The Supreme Court issued its mandate (Ashley v. Usher, 384 S.W.2d 696, Tex.Sup.1964) dated January 20, 1965, decreeing that Kate Howard Usher "have and recover of and from the above named petitioners (Mrs. Ruth Lawton Gwynn and Mrs. Fred J. Ashley) the costs by her expended and incurred in said courts, and that this decision be certified to the District Court of Aransas County, Texas, for observance. * * *" The costs were paid by the petitioners.

Two days prior to this mandate, on January 18, 1965, appellant attempted an appeal from the orders of the Aransas County court sitting in matters probate to the 156th Judicial District Court of Aransas County, Texas, being cause number 3905. The essence of such appeal was from orders of the county court directing the temporary administrator to pay from the funds of the estate certain fees and expenses in connection with the probate matters. On February 8, 1965 the appellant instituted a separate suit in the same district court, being cause number 3909 wherein she sought recovery from the appellees and others the same amount of money set forth in cause number 3905. The appellees, being two of the five defendants named in such subsequent suit (3909) filed a plea in abatement (in 3909) alleging under oath that the cause of action and subject matter of cause number 3909 was the same as the appeal from the matter in probate

(3905) then pending in the 156th district court. Appellees' plea in abatement prayed that the suit against them be "abated and dismissed." The trial court granted appellees' motion.

The question before us is the meaning of the trial court's order. Was the plaintiff's suit dismissed or abated?

■ Since there was no severance of plaintiff's suit as to these appellees we construe the court's order to have meant that the plea in abatement was granted. There can be no appeal from a judgment that is not final. Rule 385, Texas Rules of Civil Procedure; North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.Sup.1966); Angerstein v. Angerstein, 389 S.W.2d 519 (Tex.Civ.App.— Corpus Christi 1965); Flato Brothers, Inc. v. McKinney, 399 S.W.2d 957 (Tex.Civ. App.—Corpus Christi 1966); Coastal States Crude Gathering Company v. Strauch, 410 S.W.2d 945 (Tex.Civ.App.— Corpus Christi 1967). Therefore the appeal must be dismissed.

■ Since the filing of this attempted appeal plaintiff-appellant has dismissed cause number 3905; therefore, the plea in abatement is now moot. However, there is one other aspect to this case. This day we handed down our decision in Usher v. Wendell, 430 S.W.2d 684, affirming the trial court's judgment dismissing all of the defendants in cause number 3909 in the district court of Aransas County, Texas. Although the court in its judgment did not name the defendants Bonner and Picton Lumber Co. (appellees herein) we construe that judgment as including these appellees, as the court further ordered that all relief for, by or against any party to the suit (cause number 3909) not specifically granted is denied.

The appeal is dismissed.

## CONCURRING OPINION

SHARPE, Justice.

I concur in the result.