**Kate Howard USHER, Appellant,**

**v.**

**John D. WENDELL et al., Appellees.**

**No. 403.**

Court of Civil Appeals of Texas.

Corpus Christi.

July 11, 1968.

Rehearing Denied Aug. 8, 1968.

F. Warren Hicks, Houston, for appellant.

Lola L. Bonner, Ellis Clark, Rockport, Fischer, Wood, Burney & Nesbitt, Scott T. Cook, Corpus Christi, for appellees.

## OPINION ON MOTION FOR REHEARING

NYE, Justice.

This opinion is substituted for our original opinion. The plaintiff filed suit against the county judge of Aransas County and all persons and firms who had received monies paid by a temporary administrator for their services rendered. The suit was docketed as No. 3909 in the district court of Aransas County, Texas. One of the defendants, an insurance agency, filed a motion for summary judgment which was granted and subsequently concluded on appeal. Usher v. Glass, Sorenson & McDavid Insurance Co., Tex.Civ.App., 409 S.W.2d 880. The temporary administrator's attorney and one other defendant filed pleas in abatement in this suit contending that the issues were already before the same court in Cause No. 3905. The trial court sustained the plea and this Court dismissed the appeal from that order. Usher v. Bonner, Tex.Civ.App., Corpus Christi 1968, 430 S.W.2d 687. The trial court granted plaintiff's motion to dismiss Cause No. 3905. As to all other defendants in Cause No. 3909 the trial court granted their motion to dismiss plaintiff's suit and rendered judgment denying to all parties to the suit any affirmative relief not expressly granted in

the judgment. This appeal is from this last action dismissing plaintiff's suit Cause No. 3909.

The appellant originally had contested the probate by proponents of a will of her uncle Howard S. Cunningham. The county and district courts admitted the will to probate and the county court appointed a temporary administrator. On appeal to the appellate courts, judgment of the lower courts was reversed and judgment rendered denying probate of the will offered. Usher v. Gwynn, 375 S.W.2d 564 (Tex.Civ.App.— San Antonio 1964); Ashley v. Usher, 384 S.W.2d 696, 17 A.L.R.3d 595 (Tex.Sup. 1964). Appellant contends here as she did in Usher v. Glass, Sorenson & McDavid Insurance Co., supra, that the Texas Supreme Court had issued a mandate taxing all costs against the proponents of the will and that according to appellant's contentions, these costs included all of the claims filed and approved and paid during the temporary administration of the estate of Howard S. Cunningham, deceased. About the time the Supreme Court handed down its mandate in Ashley v. Usher, supra, the appellant attempted an appeal against all the appellees, being docketed as Cause No. 3905 in the district court of Aransas County, alleging that this was an appeal from the orders of the probate court as to the payment of the claims by the temporary administrator. Twenty-one days later the appellant filed this case as a separate suit in the same district court, being Cause No. 3909, against the appellees to recover the amount of the claims paid them by the temporary administrator. Appellant alleged fraud, conspiracy and lack of jurisdiction of the county court to direct payment of these claims from the funds of the estate and demanded that the bonding company and all persons and firms pay back the amount paid them on their claims. In addition appellant sought penalties under Section 414 of the Texas Probate Code, V.A. T.S., from the administrator. All of the persons and companies named by the appellant as defendants, except the county judge,

had previously received monies paid to them by the temporary administrator for services rendered. The exhibits substantiated that the monies received by them were predicated on claims duly filed and approved by the court.

■ The appellant contends in one point that the trial court erred in dismissing plaintiff's cause of action. The appellees contend here as they did before in the district court that since appellant failed to timely appeal from the orders of the probate court which allowed the claims, the orders of the probate court which became final are res judicata and a bar to an assertion of appellant's cause of action in the present suit. We agree.

The hearing before the district judge upon the motion to dismiss consisted primarily of the introduction of some thirty-six exhibits. They are essentially all of the proceedings that had taken place before the county court during the temporary administration of the estate. One of the exhibits was the order appointing the temporary administrator by the probate court in December, 1961. It in effect charged the temporary administrator with the responsibility of preserving the decedent's estate. The type of claims allowed and paid by the county judge were payments of premiums on the personal representatives' surety bond; payment for storage costs of personal property of the decedent pending the will contest; payment of fire and extended insurance premiums for coverage of the personal property stored by the temporary administrator; attorney fees for the temporary administrator's attorney; and the commission of the temporary administrator. The total of these claims amounted to $1629.25. Another exhibit was the final accounting dated March 8, 1965. It reflects a net gain of the estate that came into the hands of the temporary administrator. After the payment of all the above claims, the estate realized a net gain of approximately $2000.00 (from $14,389.58 to $16,391.79). The only notice of appeal filed by the appellant was the one

on January 18, 1965 which was considerably more than ten days from the last order from which the appeal was taken. This was docketed in Cause No. 3905 and later was dismissed by the Court on motion of the appellant. All of the claims now under attack by the appellant were originally filed, docketed and allowed to remain on the court's docket for a period of at least ten days before they were approved for payment by the county judge sitting in probate. No notice of appeal was filed by the appellant from the county court as a prerequisite to the filing of this present suit.

Art. 312(e) of the Texas Probate Code provides:

"(e). Appeal. When a claimant or any person interested in an estate or ward shall be dissatisfied with the action of the court upon a claim, he may appeal therefrom to the district court, as from other judgments of the county court in probate matters."

 Appellant's suit is not in the nature of a bill of review. The record before us of the proceedings in the County Court sitting in probate is regular and the court's order is not void on its face. We therefore hold that the orders of the county judge of the probate court became final and are res judicata to the action before the district court. An appeal to the district court is the exclusive remedy to contest an order of the probate court in allowing payment of claims against an estate. Dallas Joint Stock Land Bank v. Forsyth, 130 Tex. 563, 109 S.W.2d 1046 (Tex.Com.App.1937, opinion adopted); 130 Tex. 563, 112 S.W.2d 173 (Tex. Com.App.1938, opinion adopted); Jones v. Wynne, 133 Tex. 436, 129 S.W.2d 279 (Tex.Com.App.1939, opinion adopted); 133 Tex. 448, 129 S.W.2d 286 (Tex.Com. App.1939, opinion adopted); Dunaway v. Easter, 133 Tex. 309, 129 S.W.2d 286 (Tex.Com.App.1939, opinion adopted); Benefield v. Benefield, 142 S.W.2d 835 (Tex.Civ.App.—Galveston 1940, n. w. h.). It is clear from the pleadings and the instruments filed herein that appellant's suit was an original action in the district

court, in effect to cancel the judgment of the probate court approving the claims against the estate. Unless such judgment of the probate court is void, such collateral attack is not permitted. Robinson v. Snyder Nat. Bank, 175 S.W.2d 482 (Tex.Civ.App.— Eastland 1943, n. w. h.); Jones v. Wynne, supra; Lewright v. Manning, 392 S.W.2d 466 (Tex.Civ.App.—Corpus Christi 1965, n. w. h.). See cases cited therein.

 Appellant argues in her brief that costs of the contested suit as to the admitting of the will to probate were adjudged against the original proponents, therefore entitling the appellant to the entire estate exclusive of any expenses paid out of same. The Supreme Court in its mandate ordered the appellees to pay the costs of that litigation and they did. However, this did not include the expenses of the temporary administration. We have reviewed and considered all of appellant's authorities and arguments which are not persuasive upon the point of error before us. Appellant's point is overruled.

Judgment of the trial court is affirmed.

Motion for rehearing is overruled.

SHARPE, J., concurs in the result.