**Nancy SMITH, Guardian of the Estate of Laura Mobley, a person of unsound mind, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 4609.

Court of Civil Appeals of Texas, Eastland.

March 30, 1973.

Joseph A. Chandler, Stephenville, for appellant.

Willard Kent Johnson and John M. Hardage, Austin, Texas Dept. of Mental Health & Mental Retardation, Austin, Sam Cleveland, Stephenville, for appellee.

ON MOTIONS FOR REHEARING.

RALEIGH BROWN, Justice.

Our opinion dated March 9, 1973, is hereby withdrawn and this opinion rendered in lieu thereof.

The State of Texas acting by and through the Texas Department of Mental Health and Mental Retardation in a nonjury trial recovered judgment against Nancy Smith as Guardian of the Estate of Laura Mobley in the amount of $30,730.92 for charges made for the support, maintenance and treatment of Laura Mobley while a patient in the Wichita Falls State Hospital. The judgment taxed costs against Nancy Smith, individually and directed that the guardianship of the Estate of Laura Mobley be reopened, that the judgment be certified and entered on the claim docket of the Probate Court of Erath County as if originally allowed and approved in due course of administration of the Estate of Laura Mobley, a person of unsound mind. Nancy Smith as guardian and individually appeals.

The significant order of events are:

(1) February 1, 1971, the claim of State was filed with the guardian of the Estate of Laura Mobley;

(2) Nancy Smith did not act on claim within 30 day period;

(3) May 13, 1971, the final account of Nancy Smith as guardian of Estate of Laura Mobley was filed with probate court asking discharge;

(4) A copy of the final account was furnished attorney for the Texas Department of Mental Health and Mental Retardation and no objection was filed;

(5) May 24, 1971, the present cause of action was filed;

(6) June 11, 1971, the probate court approved final account of Nancy Smith and ordered her to pay for a prepaid funeral for the ward, the attorneys' fees and court costs and that the remaining balance of $12,985.22 be paid to the State of Texas in full discharge of its claim. Then the court declared the guardianship of the estate closed with the guardianship of the person of Laura Mobley continued;

(7) The present suit was tried and judgment entered.

Nancy Smith contends the trial court erred in the following particulars: (1) in holding that the guardianship was erroneously closed; (2) in rendering judgment contrary to the final judgment of the probate court; (3) in permitting the State to make a collateral attack on the final judgment of the probate court and (4) in adjudging court costs against Nancy Smith, individually.

■ Section 5, Article 3196a, Vernon's Ann.Tex.Civ.St. authorizes the recovery sought by the State. The verified claim having been rejected by the guardian by operation of law, the State within the statutory period filed suit in compliance with Section 313, Texas Probate Code, V.A.T.S. Nancy Smith plead defensively the approval of the probate court of her final account, her discharge and its order to pay the sum of $12,985.22 in full discharge of the State's claim.

It is stated in Christian v. Pace, 371 S. W.2d 399 (Tex.Civ.App.—Beaumont 1963, no writ hist.):

"That the Probate Court had no jurisdiction to hear a claim which had been rejected by an Administrator and is limited to passing only on claims which had been approved. This latter statement is a correct pronouncement of the law. Poole v. Rutherford, Tex.Civ.App., 199 S.W.2d 665."

Our Supreme Court in Western M. & I. Co. v. Jackman, 77 Tex. 622, 14 S.W. 305 (Tex.1890), stated:

"Without an allowance by the administrator of a claim, or its establishment by a court of competent jurisdiction after its rejection, the county court has no power to approve it or to order its payment."

■ Since the Probate Code only gives the probate court the right to hear approved claims, order of a probate court rejecting a claim, which has not been approved by the administrator and which thus stood rejected 30 days later as a matter of law, was a nullity. Small v. Small, 434 S.W.2d 940 (Tex.Civ.App.—Waco 1968, writ ref. n. r. e.).

■ Thirty days following February 1, the claim of the State in the probate proceedings was rejected by operation of law in accordance with the Probate Code, Section 310, and such claim had not been established in a court of competent jurisdiction; therefore, the probate court was without authority to act on the State's claim. This being so, the probate court's action was a nullity. The Commission of Appeals in Smith v. Paschal, 1 S.W.2d 1086 (Tex. Com. of App.1928), stated:

"The most usual statement of what makes a judgment void (distinguishable from voidable) is lack of jurisdiction over the parties, or some of them, or want of jurisdiction over the subject-matter. But, whether really included in

the first-named condition or not, there is a third (or supplemental) state of like effect, and that is absence of authority to award the particular relief which the judgment undertakes to grant. \* \* \* We have the case of a nullity \* \* \* and not the case of something void for de hors matter or mere irregularity and, hence, within the protecting doctrine of 'collateral attack.' "

■ We disagree with Nancy Smith's contention regarding collateral attack of the probate judgment.

■ The State's pleadings in the case at bar allege solely a suit on a rejected claim as provided for by Section 313 of the Probate Code. It is not an appeal from an order of the probate court. It is well settled that the district court's jurisdiction over probate proceedings is appellate only. Texas Constitution, Article 5, § 16, Vernon's Ann.St. Dunaway v. Easter, 133 Tex. 309, 129 S.W.2d 286 (Tex.Com. of App.1939); Callahan v. Stover, 263 S.W. 2d 630 (Tex.Civ.App.—Beaumont, writ ref'd). Therefore, the trial court was in error in ordering the reopening of the guardianship of the Estate of Laura Mobley and in reinstating Nancy Smith as guardian of said estate and in reinstating the sureties on her bond.

■ We agree with the trial court that Section 310 of the Probate Code provides that the costs of suit should be adjudged against Nancy Smith, individually.

Having considered all points of error, it is our opinion that the judgment of the trial court should be reformed by deleting therefrom that portion ordering the reopening of the guardianship of the Estate of Laura Mobley and the reinstating of Nancy Smith as guardian of said estate and the reinstating of the sureties on her bond, and as reformed, the judgment is affirmed.

Appellee's and Appellant's motions for rehearing are overruled.