PARIS GROCER COMPANY ET AL. v. W. H. BURKS ET AL.

Decided May 27, 1909.

**1.—Attaching Creditor—Consideration—Evidence.**

Land conveyed from a mother to her son was reconveyed by him, both deeds reciting that the consideration was love and affection. Before the reconveyance it was attached by a creditor of the son who had notice thereof. In an action to subject the land to the attachment lien, it was competent to prove that the first deed was on a parol agreement that the son would build and reside on the land in order to be near and assist his mother and his reconveyance was in consideration of his inability to comply with this condition, such evidence being admissible to prove that his deed to her was on a valuable consideration and not void against his attaching creditor.

**2.—Charge on Weight of Evidence—Invited Error.**

Error in giving a charge which was on the weight of evidence is not excused under the doctrine of invited error by appellant requesting a charge modifying the propositions announced in that given, but invading in like manner the province of the jury.

**3.—Charge—Omission—Request.**

A charge not erroneous in itself is not ground for reversal in the absence of a requested instruction modifying it.

Appeal from the District Court of Red River County. Tried below before Hon. Ben H. Denton.

*Lennox & Lennox,* for appellants.

*A. L. Beaty,* for appellees.

LEVY, Associate Justice.—The suit is to subject the 18-acre tract of land in controversy to the lien of an attachment against W. H. Burks, which, at the suit of the Paris Grocer Company, was fixed upon it January 20, 1904. Mrs. I. H. Burks was the owner of a 72-acre tract of land which she occupied as a home. For the 18-acre tract in controversy, originally a part of the above-mentioned 72-acre tract, she executed to her son, W. H. Burks, a deed dated May 20, 1902, and duly recorded June 9, 1902. The consideration recited in the deed was $1 and love and affection. W. H. Burks reconveyed this 18-acre tract to his mother by deed dated March 30, 1903, and reciting as its consideration $1 and love and affection. This deed was not recorded at the time of the attachment and until February 3, 1904. It was alleged and proved by Mrs. Burks that at the time of the execution of the deed by her to her son he, as a condition and agreement of the same transaction of conveyance, orally agreed to build a house near her residence and live on the land so conveyed that he might be near by and be company for and protection to her in her old age, she being a widow, and that if he failed to do so, as he did because unable to perform the agreement, he would reconvey it to her. At the time of the reconveyance Burks was insolvent.

The case was tried to a jury on special issues, and upon their finding that the attaching creditor had notice of Mrs. Burks' ownership of the land at the time of the attachment, the court entered judgment in favor of the appellees.

*After stating the case.*—The legal contentions presented in the case are, whether the reconveyance from W. H. Burks to his mother was valid as against a creditor who attached with notice of it, and whether the Paris Grocer Company had or was charged with such notice when it attached. To show that the reconveyance was not void under the statutes as against the attachment lien of the creditor, as being a voluntary gift, the appellee Mrs. Burks made proof that her son W. H. Burks, in taking the deed of gift from her, and as a part of the transaction, orally agreed that if he failed to build a house and live on the land near her door, so as to be a protection to her in her old age, he would reconvey. Of course this evidence could not be offered nor used, and it was not in this case, by Mrs. Burks as a parol condition to defeat the deed she made or compel a reconveyance to her. She must stand on the deed as made. But the evidence was admissible, we think, for the purpose for which it was offered and used, to show honesty of purpose and want of fraudulent intent and a moral obligation to return the title of the property that he had agreed not to retain under conditions. The moral obligation which W. H. Burks assumed in taking the deed of gift from his mother, in agreeing as a part of the same transaction that if he failed to build a house and live on the land so as to be near her in her old age he would reconvey, was upon a consideration valuable and sufficient to protect such reconveyance, when voluntarily executed, from the attack of creditors on the ground that the reconveyance was without consideration and fraudulent in law. Paris Grocer Co. v. Burks, 101 Texas, 106, 105 S. W., 174, citing Bicocchi v. Casey-Swasey Co., 91 Texas, 271, 42 S. W., 963. It would not be a valid objection by appellants that the agreement to reconvey

was not in writing. 1 Greenleaf, sec. 279; Carmack v. Drum, 73 Pac., 377; Clerihew v. West Side Bank, 52 N. W., 967. The court properly submitted the finding to the jury in this contention in question No. 1, and of which question there is no complaint in the record.

The next vital question is, whether the attaching creditor at the time of the levy had or was charged with notice. In view of the disposition of the appeal we do not deem it proper to comment or allude to the evidence, in ruling upon the question, further than to say that we are of the opinion that the evidence is sufficient to carry the issue of imputed notice of appellants, under proper instructions, of Mrs. Burks' ownership of the land in controversy to the jury for their decision. We are not prepared to rule that the evidence, as a matter of law, is not sufficient to pass this issue to the jury.

The sixth assignment complains of the action of the court in submitting a special charge to the jury involving evidence of imputed notice. In the giving of this charge we think there was error, in view of the record, requiring a reversal of the case. It was a charge upon the weight of the evidence and effect of Mrs. Burks' possession, invading the province of the jury. We do not think that appellants are precluded from making the charge complained of the basis for reversal on the doctrine of invited error. The question, we think, is distinguishable from the cases of International & G. N. Ry. Co. v. Sein, 89 Texas, 63, 33 S. W., 275, and Missouri, K. & T. Ry. Co. v. Eyer, 96 Texas, 72, 70 S. W., 529. The charge as requested by appellants had reference to the possession as such at the date of the attachment. If the appellee felt it incumbent upon her to request a charge submitting the converse or necessary qualification or amplification of appellants' proposition set out in their special charge it would not be invited error on appellants' part, of which it could not complain, if appellee's special charge in such respect was, as worded, on the weight of evidence, invading the province of the jury. It was the vital issue of the case as to whether the appellants had notice or not of Mrs. Burks' ownership of the land, and it was the duty of the court to properly instruct the jury and to see that only proper instructions were submitted to the jury upon the law applicable to and governing the issue. The last paragraph of the appellants' charge referring to rumors of possession should have been eliminated from the special charge, as, we think, it was not proper to give same to the jury in this case. Even though this paragraph was improperly given, it would not relieve the error in giving the special charge of appellees.

There are other questions presented by assignments in the appeal, which we have carefully gone over, and are of the opinion that the same are without merit. If the contention made in the third assignment is correct as a proposition of law, it does not appear that any special charge was requested, and the one given by the court was not erroneous in itself. That the court did not err in refusing to strike out the testimony of the witnesses complained of in the ninth assignment is clear, we think.

For the error indicated the case was ordered reversed and remanded.

*Reversed and remanded.*