## McCARTY et al. v. McCARTY.
### No. 8659.

Court of Civil Appeals of Texas. San Antonio.
June 3, 1931.

Rehearing Denied June 24, 1931.

C. M. Wunderman, of Harlingen, and Seabury, George & Taylor, of Brownsville, for appellants.

Carter & Stiernberg, of Harlingen, for appellee.

SMITH, J.

N. H. McCarty brought this action in the criminal district court of Cameron county, against his wife, Josephine McCarty, appellee, for divorce and an adjudication of their property rights. The latter reconvened and in turn prayed for divorce and the settlement of property rights. It appears from the record that the community estate of the McCartys consists of fifteen shares of the capital stock of the Jitney Jungle Company, a local corporation. Prior to the institution of the suit, N. H. McCarty placed the certificate of said stock in the possession of his brother, W. B. McCarty, a resident of the state of Mississippi, and the certificate is now in said state, subject to the control of said W. B. McCarty.

The case was called for trial in the court below on April 2, 1931, but was continued at the instance of appellee. W. B. McCarty and another brother had come from their home in Mississippi to be present at the trial, and for the convenience and by agreement of all parties, their testimony was taken in open court for use in the trial whenever it occurred. From their testimony it was disclosed that the certificate of stock, which belongs to the community estate of the McCarty spouses, was located in Mississippi, but was in the custody of W. B. McCarty. When this fact was disclosed, Josephine McCarty amended her cross-petition and impleaded W. B. McCarty and the Jitney Jungle Company, and prayed that said stock be adjudged the property of said community, and that a mandatory injunction be issued requiring W. B. McCarty

to produce said certificate and deposit it in the registry of the court pending said adjudication and the partition of the property between the McCarty spouses in connection with the decree of divorce prayed for. Josephine McCarty also prayed for an injunction restraining the defendants from disposing of said stock or transferring the same on the books of the corporate defendant. In response to the supplemental petition and the testimony of the nonresident McCartys, the trial judge granted the mandatory and prohibitory injunction as prayed for. W. B. McCarty and the Jitney Jungle Company have appealed.

Appellants challenge the power of the criminal district court of Cameron county to grant the injunction or to hear and determine the title and ownership of the corporate stock as between the McCarty community estate upon the one hand, and W. B. McCarty, a third party, upon the other.

It is first contended that said court is without jurisdiction to grant injunctions in civil cases, upon the ground that the act establishing said court does not expressly confer such jurisdiction; that it is not a constitutional district court, but a purely statutory court, and has no powers or jurisdiction not expressly conferred by the creating act.

It was provided in the act establishing it that said criminal district court should have and exercise all of the criminal jurisdiction of a constitutional district court and "shall try and determine all causes for divorce between husband and wife and adjudicate property rights in connection therewith," and that the judge thereof "shall have and exercise all the powers and duties now or hereafter to be vested in or exercised by district judges in criminal cases." Section 1, Acts 1925, p. 244, 39th Leg., ch. 79, § 1 (Vernon's Ann. Civ. St. art. 199, subd. 28). No other jurisdiction is expressly conferred upon said court, and no other powers or duties are expressly conferred upon the judge of said court, than those enumerated above.

■ It is true that a statutory court such as this, as distinguished from a constitutional district court, has and can exercise no jurisdiction, and the judge thereof has and can exercise no powers, other than those conferred upon such court, or the judge thereof, by the statute establishing such court. Cunningham v. City of Corpus Christi (Tex. Civ. App.) 260 S. W. 266.

So is it true that the statute establishing the criminal district court of Cameron county did not expressly confer upon the judge of said court the power to grant injunctions in civil cases, and he cannot exercise such power in an original action to obtain such relief, because it is not so expressly granted.

■ But the power of the judge to grant any injunction necessary to protect the jurisdiction and enforce the mandate of such court in the trial and determination of causes over which the statute expressly gives it jurisdiction will be inferred as a necessary implication from the express grant. Such power is a necessary incident to the jurisdiction expressly conferred, and its exercise is essential to protect and enforce that jurisdiction. It is a power inherent in the judge of any court in so far as its exercise is necessary to protect a jurisdiction expressly conferred, and to enforce the lawful mandates of such tribunal. It is just as essential to such jurisdiction and is as much a part thereof, as the power to issue writs of execution or possession, or any other writ necessarily incident to such jurisdiction.

■ The trial court was empowered, under the statute of its creation, to "adjudicate property rights in connection with" divorce suits, of which the court was expressly given jurisdiction. The corporate stock in controversy was alleged to be a part of the community estate and subject to partition between the original parties, and the court is given express statutory power to adjudicate that very question. When it was made known that the certificate of that stock was in the possession of a third party, it was within the power of the judge, and it became his duty upon proper pleadings of appellee, to require the third party to deposit the certificate into the registry of the court pending determination of the issue of whether the stock was a part of the community estate, and to prohibit the hypothecation or transfer of the stock in the interim. The adjudication of the question of ownership is within the jurisdiction expressly conferred upon the court by statute. The power of the judge to require one in possession of the certificate to deposit it in the registry of the court and subject it to the mandate of the court was a necessary incident to the jurisdiction expressly conferred upon the court. We overrule appellants' propositions 1, 2, 3, and 4.

The application for injunction was verified by the affidavit of one of appellee's attorneys in the following language: "Lloyd E. Stiernberg, being first duly sworn, on oath states that he is the agent and attorney for defendant Josephine McCarty; that he makes this affidavit for her; and that all allegations of said above and foregoing answer and cross action are true."

■ It is contended by appellants that this affidavit was not sufficient to support the application. We overrule this contention, expressed in appellants' fifth proposition. The application was the result of and immediately followed the testimony of appellant himself, and is based upon the facts testified to in open court by him.

The affidavit does not affirmatively show that the facts stated therein, or any of them,

are not within the personal knowledge of affiant, or that they are stated upon information. On the contrary, the affidavit affirms that "all" said facts "are true," unequivocally, so that the affiant subjected himself to prosecution and conviction upon a charge of perjury, should they be false. It is by such test that the sufficiency of such affidavits are determined. We conclude the affidavit was sufficient, when all the circumstances of the transaction are considered.

In his sixth proposition appellant asserts that the injunction was improvidently issued because the application therefor did not show probable irreparable injury, and no adequate remedy at law. We overrule the proposition. The application recited facts showing that the certificate of stock represented the whole of the community estate, that it was in the hands of appellants, who, unless restrained, would dispose of it to third and innocent parties, thereby destroying the very subject-matter of the litigation, and leave appellee without recourse. We think these allegations brought the case within the irreparable injury and no adequate remedy rule.

The judgment is affirmed.