A copy of said motion has been delivered to counsel for plaintiffs in error, and no resistance to the granting thereof is urged.

The questions involved in this writ of error have therefore become academic, and defendant in error's motion to dismiss same should be granted. We so recommend.

CURETON, Chief Justice.

The writ of error is dismissed, as recommended by the Commission of Appeals.

---

**Arthur BREM, alias Al Brem, v. STATE.**

No. 16056.

Court of Criminal Appeals of Texas.

June 7, 1933.

H. G. Williams, of San Antonio, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The offense is unlawfully passing a forged instrument; penalty assessed at confinement in the penitentiary for two years.

The facts are not before this court. The indictment appears regular. No fault in the procedure has been perceived or pointed out which would authorize a reversal of the judgment. No complaint of the ruling of the court is presented by bills of exception or otherwise. There appear in the motion for new trial some statements of irregularities, which are not verified either by the trial judge nor by the affidavit of the appellant.

The judgment is affirmed.

---

**W. B. McCARTY et al. v. Josephine McCARTY.**

No. 1427—6058.

Commission of Appeals of Texas, Section B.

June 24, 1933.

C. M. Wunderman, of San Benito, and Seabury, George & Taylor, of Brownsville, for plaintiffs in error.

Carter & Stiernberg and W. P. Glass, all of Harlingen, for defendant in error.

RYAN, Judge.

This writ of error was granted to review the action of the Court of Civil Appeals for the Fourth Supreme Judicial District affirming an interlocutory judgment of the district court of Cameron county, as shown in report of the case, 40 S.W.(2d) 165.

Josephine McCarty, appellee in the Court of Civil Appeals has now filed a motion showing that, after the rendition of said interlocutory judgment, a final judgment on the merits of the case (all parties having appeared at the trial) was by the trial court rendered, wherein all matters in controversy between the parties were adjudicated; that no motion for a new trial was filed and no notice of appeal given by any of the parties; that no appeal was taken therefrom, no writ of error sued out, and the time to do so has expired.

Attached to said motion is a certified copy of said final judgment and proper certificate of the clerk of the trial court showing that no appeal or writ of error has been perfected, from said judgment.

---

**Elmer CHANEY v. STATE.**

No. 16040.

Court of Criminal Appeals of Texas.

June 7, 1933.

W. B. Thomas, of Groveton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

LATTIMORE, Judge.

Conviction for burglary; punishment, four years in the penitentiary.

The record is here without statement of facts or bills of exception. No error appearing, the judgment will be affirmed.