FRANK M. FARLEY ET AL V. LILLIE IRENE DORSEY ET AL.

No. 7417. Decided January 10, 1940.
Rehearing overruled February 14, 1940.
(135 S. W., 2d Series, 89.)

*W. Edward Lee,* and *Lee & Porter,* all of Longview, *James & Conner, Calhoun Anderson, E. E. Sanders, George M. Conner,* all of Fort Worth, for appellants.

The order authorizing sale and order confirming sale of the royalty interest involved became, upon execution and delivery of the deed by the guardian to the purchaser, more than a mere order and decree of the court. It became the essential and requisite elements of title to land, and upon the execution and delivery of such deed the probate court lost jurisdiction to revise and correct such orders. Robertson v. Johnson, 57 Texas 62; House v. Brent, 69 Texas 27, 7 S. W. 65; Gallemore v. Owen, 69 S. W. (2d) 469.

*Tom L. Beauchamp* and *W. M. Richardson,* both of Austin, for appellees.

*Massingill, Belew, Hill & Paddock,* of Fort Worth, filed brief and argument as amicus curiae.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In the above case, which is pending in the Court of Civil Appeals at Texarkana, said court has submitted to this Court a certificate containing two certified questions. The facts are set out in said certificate as follows:

"In 1922 L. L. Jones, brother of Lillie Irene Jones, a minor, was by the probate court of Rusk County appointed and he qualified as guardian of the estate of said minor. The ward's estate then consisted of $1,000, being the proceeds of a life insurance policy to which she had become entitled upon the death of her father, J. A. Jones. September 29, 1923, the money was duly invested in fifty acres of land, a part of the F. Cardova League in Rusk County. On March 20, 1931, the guardian, pursuant to the orders of the Probate Court, executed an oil and gas lease on the land to L. B. Dean, receiving therefor $1,000 cash and retaining in the ward the usual 1/8 royalty interest; and on April 24, 1931, conveyed 1/4 of said royalty interest to W. N. Hooper for $1875; and on the same date conveyed another 1/4 of the royalty interest to Frank M. Farley for $2125; and on May 2, 1931, conveyed another 1/4 of the royalty to Butler-Calhoun Company for $2125. On December 24, 1931, the ward married Ralph G. Dorsey. January 12, 1932, the final account of L. L. Jones as such guardian was by order of said court duly approved and the estate was delivered to Mrs. Lillie Irene Jones Dorsey, the former ward. April 15, 1933, Mrs. Lillie Irene Jones Dorsey, joined pro forma by her husband, Ralph G. Dorsey, filed this suit in the County Court of Rusk County, in the nature of a bill of review as provided by Article 4328, R. S. 1925, seeking to vacate and have set aside the orders and judgments of the probate court entered in such guardianship proceedings, viz.: (1) The order authorizing execution of the oil and gas lease to L. B. Dean; (2d) the orders authorizing and confirming sale of the 1/4 royalty interest to W. N. Hooper; (3) the orders authorizing and confirming sale of the 1/4 royalty interest to Frank M. Farley; (4) the orders authorizing and confirming sale of the 1/4 royalty interest to Butler-Calhoun Company. All parties to be affected by cancellation of said orders were made defendants, namely, the former guardian, the sureties on his several bonds, the lessee, the purchasers of said mineral interests and their assignees. June 2, 1934, the county court on motion of the plaintiff dismissed the bill of review insofar as it complained of the proceedings relating to sale of the oil and gas lease to L. B. Dean and as to the conveyance of the 1/4 royalty interest to W. N. Hooper. Trial on the merits in the county court resulted

in judgment for the remaining defendants. From this judgment plaintiff appealed to the District Court of Rusk County. Trial in the district court, without a jury, resulted in judgment for plaintiff, vacating and setting aside the orders of the probate court authorizing and confirming the sale of the 1/4 royalty interest to Frank M. Farley. A like judgment was entered vacating the orders relating to the sale of the 1/4 royalty interest to the Butler-Calhoun Company. The defendants Frank M. Farley and his assignees, Federal Royalties Company, Inc., and the Argo Royalty Company, have perfected their appeal to this court. Butler-Calhoun Company did not appeal from the judgment rendered against them."

The first certified question set out in the certificate reads as follows:

"After conveyance has been consummated pursuant to the order attacked, does the county court have jurisdiction to entertain a bill of review as provided by R. S. 1925, Article 4328, seeking to vacate the orders of the probate court granting and confirming the guardian's sale of land?"

■■ It may be conceded that where an order is made by the county court, and entered on the court records, directing a guardian to consummate a sale of land belonging to his ward, said court has jurisdiction to revise or entirely vacate such order so long as same remains unexecuted. But when the sale is effected by the execution of a deed to the purchaser in conformity to said order, the order becomes completely executed and is no longer subject to the jurisdiction of the county court. This is so for the reason that in such case the order acquires the character of a muniment of title to the land involved, and, regardless of whether the order be void or merely voidable, the power to declare it void necessarily involves the exercise of power to try title to land. The power to try title to land is confided by Article V, section 8, of our Constitution in the district court in the following words: "The district court shall have jurisdiction * * * * of all suits for trial of title to land * * *" The power to try title to land is comprehended by the provision of section 16 of the same article of the Constitution which provides that the county court "shall not have jurisdiction of suits for the recovery of land." The validity of a deed executed by a guardian, which purports the conveyance of land belonging to his ward, depends upon the validity of the order of the county court confirming the sale and directing him to make the conveyance. Whatever force the deed might have as a conveyance, is derived from the order of the county court in this respect.

It would be anomalous to say that the county court, or for that matter any other court, which has no jurisdiction to try title to land, could annul or set aside any of its own executed orders upon which the validity of a deed depends. Looking through the matter of form to the substance, it is readily seen that this would be the equivalent of annulling the deed. The power to do this lies exclusively in the district court. Pure Oil Co. v. Reece, 124 Texas 476, 78 S. W. (2d) 932. The first certified question is answered in the negative.

■ The second certified question reads as follows:

"Will failure alone of the guardian's application for order of sale of land to be accompanied by an exhibit under oath showing fully the condition of the estate as required by R. S. 1925, Art. 4196, warrant vacation of the sale, otherwise regular and resulting in no injury to the ward?"

Consideration of this question involves the following relevant provisions of Articles 4195, 4196, 4201 and 4216 of the Revised Statutes of 1925:

Article 4195: "When the income of the ward's estate, and the personal property thereof, and the proceeds of previous sales, are insufficient for the education and maintenance of the ward * * the guardian * * may, by written application to the court in which such guardianship is pending, ask for an order for a sufficient amount of real estate to be sold to make up the deficiency* * *"

Article 4196. "The guardian shall apply for such order as is provided in the preceding article, whenever it appears that a necessity exists therefor, and set forth fully in his application with an exhibit, under oath, showing fully the condition of the estate."

Article 4201. "An order for the sale of real estate shall state: * * * 3. The necessity and purpose of said sale. * * * 5. It shall require the sale to be made and report thereof to be returned to the court in accordance with law."

Article 4216. "At any time after the expiration of five days from the filing of a report of sale, the court shall inquire into the manner in which said sale was made, and hear evidence in support of or against such report, and if satisfied that such sale was fairly made and in conformity with law * * * the court shall cause to be entered a decree confirming such sale, and order the report of sale to be recorded by the clerk, and the

proper conveyance of the property sold to be made by the guardian to the purchaser, upon compliance by such purchaser with the terms of sale."

In confirming a sale made by the guardian and ordering him to make proper conveyance to the purchaser of the property sold, upon compliance by the latter with the term of sale, as provided in Article 4216, the county court is exercising general jurisdiction, and, unless the provisions of Article 4196 are mandatory, the omission of the exhibit there prescribed does not affect the validity of the order confirming the sale and directing the guardian to make proper conveyance of the property sold. It is settled that the mere fact that the application does not show the necessity for the sale, as prescribed in Article 4196, does not invalidate the sale. Taffinder v. Merrell, 95 Texas 95, 65 S. W. 177, 93 Am. St. Rep. 814; Weems v. Masterson, 80 Texas 45, 15 S. W. 590. Manifestly the provision for an exhibit showing the condition of the estate is not meant to limit the exercise of the jurisdiction of the court to determine the necessity for the sale and to order the sale made, but its design is merely to furnish aid to the court in exercising that jurisdiction. For this reason, the omission of said exhibit from the application does not invalidate the action of the court in ordering the sale to be made or in confirming the sale and directing the guardian to make proper conveyance to the purchaser of the property sold. This conclusion finds substantial support not only in the decisions cited above, but also in decisions of this Court in reference to a provision of essentially the same character contained in Article 3566, in which article the subject matter of the application of an administrator for authority to sell real estate belonging to the estate of the decedent is regulated. Jackson v. Houston, 84 Texas 622, 19 S. W. 799; Lyne v. Sanford, 82 Texas 58, 19 S. W. 847, 27 Am. St. Rep. 852; Kleinecke v. Woodward, 42 Texas 311; Daimwood v. Driscoll, 151 S. W. 621 (Writ ref.).

The second certified question is answered in the negative.

Opinion adopted by the Supreme Court January 10, 1940.

Rehearing overruled February 14, 1940.