## TOSH v. DRYMAN et al.
### No. 5465.

Court of Civil Appeals of Texas. Texarkana.

Feb. 29, 1940.

Thomas Shearon and Perkins & Perkins, all of Rusk, for appellant.

Guinn & Guinn, of Rusk, Malone, Lipscomb, White & Seay, of Dallas, and Lasseter, Simpson, Spruiell & Lowry, of Tyler, for appellees.

HALL, Justice.

This suit, a bill of review as provided by R.S. Article 4328, was filed by appellant in the County Court of Cherokee County, seeking to set aside and vacate certain orders theretofore entered in said court in the matter of the guardianship of the estate of James Emil Stubblefield, Samantha Stubblefield, Evelyn Stubblefield, and Nancy El-

len Stubblefield, minors, authorizing and confirming sale of real estate belonging to the estate of said minors, and pursuant to which orders conveyance of the real estate had been made. The county court sustained a general demurrer to plaintiff's bill of review and dismissed the case on the grounds that the county court was without jurisdiction to hear and determine same because conveyances had been made pursuant to the orders attacked. An appeal was taken to the District Court of Cherokee County where a like judgment was entered upon the same grounds, sustaining a general demurrer and dismissing the suit. An appeal was perfected to this court.

It is agreed that the controlling question presented by the appeal is: "After conveyance has been consummated pursuant to the orders attacked, does the county court have jurisdiction to entertain a bill of review as provided by R.S.1925, Article 4328, seeking to vacate the orders of the probate court granting and confirming the guardian's sale of land?"

The precise question was by this court certified to the Supreme Court, and answered in the negative, in the case of Farley v. Dorsey, Tex.Com.App., 135 S.W.2d 89. On authority of that case the judgment of the district court sustaining the demurrer and dismissing the cause for want of jurisdiction is affirmed.