BENEFIELD et al. v. BENEFIELD et al.

No. 11040.

Court of Civil Appeals of Texas. Galveston.

July 25, 1940.

John A. Hughes, of Jefferson, and W. J. Gerron and Evans J. Adkins, both of Brady, for appellants.

R. K. Batten, of Houston, Bibb & Bibb, of Marshall, Smith & Smith, of Fort Worth, Ramey, Calhoun & Marsh, of Tyler, Shelbourne H. Glover, of Jefferson, Tom L. Beauchamp, of Austin, Joe S. Brown and Irwin W. Coleman, both of Houston, Schluter & Singleton, of Jefferson, and Abney & Abney, of Marshall, for various appellees.

CODY, Justice.

This suit was brought by appellants in the County Court of Marion County to set aside certain orders, including an order confirming a sale of property belong-

ing to the estate of Mattie Jackson Benefield which was made some seventeen years before this suit was instituted.

Appellants alleged that they were the children of Mattie Jackson Benefield and her husband, M. M. Benefield; and that she died intestate about the 15th day of August, 1919, and left surviving her, her said husband, and her children—appellants. They allege that at the time of her death she was seized and possessed of a separate estate consisting of less than 200 acres of land in Marion County, which is described in their pleading. That on the 20th day of December, 1919, one B. J. Benefield (the grandfather of appellants) applied to be appointed administrator of Mattie Jackson Benefield's estate, and was appointed by the court, but that the inventory and appraisement filed by him on January 8, 1920, was never approved. That on January 8, 1920, one J. H. Benefield (an uncle of appellants) filed a claim based on a note dated April 8, 1915, for $1,570.82, due six months after date, which was executed by M. M. Benefield (the husband of Mattie Jackson Benefield, and father of appellants), payable to Rogers National Bank of Jefferson, which was endorsed by Mattie J. Benefield after it had been executed by her said husband; that J. H. Benefield (the uncle) endorsed the note as an accommodation endorser; and that Mattie Jackson Benefield, joined by her husband, executed a deed of trust upon lands belonging to her separate estate to secure the payment of said note. That the said J. H. Benefield (the uncle of appellants) paid said note and it was transferred to him by the Bank. That attached to said claim of J. H. Benefield was an attempted renewal and extension of the note and lien securing its payment made on September 30, 1919, which was after the death of Mattie J. Benefield, said attempted renewal purporting to renew said note until October 1, 1919. That said claim was allowed by the administrator on January 8, 1920, which allowance was approved by the court on December 13, 1920, but that said claim was never entered on the claim docket of the court. That the administrator filed his application to sell land belonging to the estate of Mattie Jackson Benefield on January 27, 1921, to pay debts owing by her said estate, setting forth the note aforesaid. That afterwards, on May 2, 1921, the court ordered the sale of said lands at private sale, and thereafter the administrator filed his report

showing a sale of said lands to J. H. Benefield on May 2, 1921, at private sale. That on May 14, 1921, the sale was confirmed, the order of confirmation being set forth in the petition. That the land was conveyed pursuant to such sale.

Appellants alleged that all of the acts and orders referred to were null and void, because—

(a) It did not appear that any action had been taken against the principal on the note before resort was had against the security belonging to the estate of Mattie Jackson Benefield.

(b) That the Probate Court had no jurisdiction to determine the liability of the principal or maker of said note, or his insolvency, though there was no allegation of insolvency of said maker; and the court had no jurisdiction to determine the amount of money, if any, to be contributed by the estate of Mattie Jackson Benefield to her co-endorser, J. H. Benefield.

(c) That the claim showed on its face that the note and lien had been renewed and extended by the principal, M. M. Benefield, after the death of his wife. Appellants also alleged that the lands were homestead property.

The probate court of Marion County sustained a general demurrer to appellants' petition; wherefore they appealed to the District Court, which likewise sustained a general demurrer thereto.

■ This is a collateral attack made on an essential link in the title to appellees' land, and one made in the County Court. Our Supreme Court, speaking through the Commission of Appeals, has held that when the sale of land is effected by the execution of a deed to the purchaser in conformity to an order of the Probate Court, the order becomes completely executed and is no longer subject to the jurisdiction of the Probate Court. "This is so for the reason that in such case the order acquires the character of a muniment of title to the land involved, and, regardless of whether the order be void or merely voidable, the power to declare it void necessarily involves the exercise of power to try title to land." Farley v. Dorsey, 134 Tex. 403, 135 S.W.2d 89, 90. And the court held that this power was by the Constitution exclusively vested in the District Court.

■ It is also settled law that the only method of reviewing an action of the

837

Probate Court in allowing a claim against the estate of a deceased person is by statutory appeal to the district court. Jones v. Wynne, 133 Tex. 436, 129 S.W.2d 279; and by the same court, Dunaway v. Easter, 133 Tex. 309, 129 S.W.2d 286.

The judgment of the trial court should be affirmed, and it is accordingly so ordered.

Affirmed.