**JONES et al. v. SUN OIL CO. et al.**

No. 3724.

Court of Civil Appeals of Texas. Beaumont.
Nov. 1, 1940.

Rehearing Denied Nov. 20, 1940.

G. C. Lowe, of Woodville, and M. M. Feagin and R. H. Jones, both of Livingston, for appellants.

James F. Parker and R. A. Richardson, both of Kountze, and C. A. Toler, T. L. Foster, and J. W. Timmins, all of Dallas, for appellees.

O'QUINN, Justice.

We gather from the record the following: On July 16, 1930, Mrs. Addie Walker, a widow, who alleged that she then resided in Hardin County, Texas, filed her application in the County Court of Hardin County, Texas, to be appointed guardian of the persons and estates of her four minor children, to-wit: L. C. Overstreet, Woodrow Overstreet, each of whom was then over fourteen years of age, and Edith Overstreet and Ferguson Overstreet. The two minors over fourteen years of age, L. C. and Woodrow Overstreet, filed their written waiver of citation and personal service on July 16, 1930, and made choice of their mother, Mrs. Addie Walker, as guardian of their persons and estates.

On August 27, 1930, A. L. Bevil, County Judge of said Hardin County, by written order, which is duly recorded in the minutes of the court, duly appointed Mrs. Addie Walker guardian of the persons and estates of said minors, to-wit: L. C. Overstreet, Woodrow Overstreet, Edith Overstreet, and Ferguson Overstreet.

The application of Mrs. Addie Walker to be appointed guardian, the waiver of her two older children, L. C. Overstreet and Woodrow Overstreet, and the court's order appointing Mrs. Walker guardian, are the only original papers to be found. All proceedings, orders and decrees, except those mentioned above, were lost or misplaced before being entered of record in the minutes of the court. Even the judge's docket was lost. A. L. Bevil was judge of the court at that time, and was so continuously thereafter until his attention was called to the fact that all the proceedings, except the three papers above mentioned, were lost or misplaced, and had not been recorded in the minutes of the court when, on January 21, 1937, on his own motion, he made his order nunc pro tunc, to supply, protect and preserve the proceedings, records, orders, judgments and decrees that were actually made and transacted in the county court in said guardianship proceedings while he was the judge presiding of such court. This nunc pro tunc order is in the transcript but as it occupies fifteen full pages, it will not be copied herein. Suffice it to say that it contains a full recitation of all the facts that would pertain to such matter, and full copies of all papers, applications, orders, and decrees necessary to the proceedings in the court.

As disclosed by the order nunc pro tunc, the land described therein was sold by the guardian, Mrs. Addie Walker, under order of the court and O. O. Overstreet became the purchaser. Appellees are claiming under her guardian's deed conveying same.

This is a suit filed by appellants in the County Court of Hardin County, February 3, 1938, to set aside all the orders, judgments and decrees had in the guardianship proceedings, and to cancel and annul the nunc pro tunc entries and orders, and that all proceedings in the guardianship matter be abated and held without authority for want of venue in the court to hear and determine same.

Appellees answered. The cause was tried to a jury, but at the conclusion of the evidence the court instructed a verdict for appellees, which was duly returned and judgment entered in their favor, from which judgment appellants appealed to the district court of Hardin County, Texas.

In the district court, appellees filed their amended answer in which they specially challenged the jurisdiction of the court and asserted that the court was without jurisdiction to hear and determine the matter for in that appellants originally filed their suit in the County Court of Hardin County, Texas, wherein they sought to set aside, cancel and annul all of the proceedings had in the guardianship proceedings in said court involving the land here in question, and seeking to cancel and annul the deed of Mrs. Walker, the guardian of the minors, to the land involved, which directly brought the title to the land in question into litiga-

tion, and so, in effect, was a suit in trespass to try title of which the county court did not have jurisdiction, and since this suit in the district court was on an appeal from the county court, the district court had only the jurisdiction that existed in the county court, and as the county court had no jurisdiction, so the district court was without jurisdiction, and the suit should be dismissed. After their plea to the jurisdiction, appellees answered by general denial and a plea of the four years' statute of limitation.

On trial in the district court, the court sustained the plea to the jurisdiction of the court, and dismissed the case for want of jurisdiction in the court to hear same. This appeal is from that judgment.

■ As grounds for abating and annulling the guardianship proceedings had in the County Court of Hardin County, appellants alleged that the court was without jurisdiction to entertain Mrs. Walker's application to be appointed guardian of her minor children, or to make such appointment because at the time neither Mrs. Walker nor any of the children resided in Hardin County, but that she and they were residents of Rusk County, Texas, and that under Article 4111, Vernon's Annotated Civil Statutes of Texas, they must have been residents of Hardin County to confer jurisdiction of the county court in that county. In her application she alleged that she and her minor children resided in Hardin County. Other than the application stating the residence of Mrs. Walker and her children to be Hardin County, and the allegations of appellants in their petition stating they resided in Rusk County, there is nothing to show residence. But the rule is well settled that when a court of competent jurisdiction having the matter before it, acts in favor of its jurisdiction the presumption is conclusive that all facts not appearing of record were found by the court in favor of its jurisdiction. The application of Mrs. Walker and the waiver of the two children that were over fourteen years of age, and the judgment of the court appointing Mrs. Walker guardian, would lead the ordinary legal mind to conclude that the court found that it had jurisdiction of the guardian and the persons and estates of the minors, and where the record is silent as to the facts concerning jurisdiction, it is conclusively presumed that all the facts not appearing of record were found by the court in favor of its jurisdiction. And, further, Article 5, Section 16 of the Constitution, Vernon's Ann. St., invests the county court with original jurisdiction in probate matters. It has the power to dispose of business in term time or in vacation, and its judgments in probate matters are those of a court of general jurisdiction, and the same conclusive presumption should be indulged in favor of its judgments in probate matters as are indulged in favor of the judgments of district courts relating to matters within their jurisdiction. The county judge in the trial of this case took judicial cognizance of all the facts pertaining to the guardianship proceedings complained by appellants, and held that he had jurisdiction and authority to make and enter, and did actually make and sign all orders, judgments and decrees while the proceedings were active, as outlined and stated in his nunc pro tunc judgment of January 21, 1937. As stated, appellants brought this suit in the County Court of Hardin County to set aside, cancel and annul the orders, judgment, and in fact all the proceedings had in the guardianship proceedings, including the deed from Mrs. Walker, the guardian, to the land sold under order and approval of the court. The county court did not have jurisdiction of a suit to cancel, annul and set aside the guardian's deed. Only the district court, when acting as a court of original jurisdiction can do that, it involving a right or title to land. Article 1906, Vernon's Annotated Texas Civil Statutes; Sections 8, 16, Article 5, Texas Constitution; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932; Johnson v. Ortiz Oil Co., Tex.Civ.App., 104 S.W.2d 543; Farley v. Dorsey, 134 Tex. 403, 135 S.W.2d 89.

Appellants' second assignment asserts that "The Court (County Court) was clothed with jurisdiction to hear and determine Appellants' Bill of Review and Direct Attack, as set forth and alleged in their pleadings, by reason of same having for their purpose the abatement of the so-called nunc pro tunc orders entered in said cause, by reason of the Court having been unauthorized to make and enter such so-called nunc pro tunc orders for in that there were no docket or other entry evidencing or showing the same."

We overrule this contention. Appellants' contention that the county court was not authorized to make and enter the nunc pro tunc order is based upon the absence of any docket entries or other record evidencing

any action by the court during the active proceedings in the guardianship complained of. As we stated in the outset, in the original application of Mrs. Addie Walker for letters of guardianship of the persons and estates of her four minor children, she alleged her own residence and that of her said minor children to be in Hardin County, Texas. This application was filed in the county court July 16, 1930, and still exists as a record in said court. The waiver of the two minors, L. C. and Woodrow Overstreet, who were then over fourteen years of age, filed the same day, waiving personal service and choosing their mother as guardian, is also on file in said court and part of the record. Also the court's written order of date August 27, 1930, appointing Mrs. Walker guardian of her children exists and is of record in the minutes of the court. The other papers and orders of the court in said proceeding, together with the court docket, were lost or misplaced, and so could not be found. On his own motion, on January 21, 1937, the court (being the same judge who presided at the time the guardianship originated and constantly since), his attention being called to the state of the record, made and entered his judgment nunc pro tunc to perfect and preserve the record, which nunc pro tunc judgment began with the following recitation: "Be it remembered, that on this 21st day of January, 1937, the court, the same judge now presiding as presided heretofore during all the proceedings and transactions as hereinafter recited, in order to supply, protect and preserve its proceedings, records, orders and judgment in this cause, having first heard and considered evidence from O. O. Overstreet, E. B. Marshall and James F. Parker with reference to the matters hereinafter set forth, together with the court's own memory and judicial cognizance, and upon other evidence heard and considered of all of the facts herein recited in corroboration of the court's own memory and judicial knowledge, of its own motion finds, adjudges and decrees as follows," and then proceeded to find, step by step, and to set out the several motions, applications, orders and decrees embracing and comprising the complete record of the whole proceedings in the cause, filling fifteen pages of the transcript, as his judgment nunc pro tunc.

It was this nunc pro tunc judgment that appellant sought to set aside and abate, because, as he contends, the court was not authorized to make and enter same. This contention is without force. In Dowdle v. United States Fidelity & Guaranty Co., 255 S.W. 388, 389, the Commission of Appeals speaking for the Supreme Court, said: "The authorities all agree that the court has the power to correct its own minutes, and to make them speak the truth by the entry of a judgment that has actually been rendered, but which has been omitted from its minutes. There can be no question as to the power of the district court of Bexar county to correct its minutes, and to have entered therein a judgment which had been previously rendered. It could do this of its own motion."

This case has been followed in Buttrill v. Occidental Life Ins. Co., Tex.Civ.App., 45 S.W.2d 636; and in Rogers v. Allen, Tex. Civ.App., 80 S.W.2d 1085.

In Smith v. Moore, Tex.Civ.App., 212 S. W. 988, 990, it is said: "The contention of appellant is that the court records themselves, as introduced, must show the fact that judgment was in fact announced or rendered, if not entered, disposing of Wooten Grocery Company, to justify the entry of the judgment now for then. We do not concur in the contention made. In the first place, the statute quoted above places no such limitation upon the power of the court to correct its own judgment. The following authorities, we think, clearly hold that the court, in correcting a mistake in the record of its judgment, and acting in conformity to the provisions of the statute, may do so in the absence of any written memorandum or evidence found in the court's records: Ft. Worth & D. C. Ry. Co. v. Roberts, 98 Tex. 42, 81 S.W. 25; Partridge v. Wooton, 63 Tex.Civ.App. 280, 137 S.W. 412. See, also, Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040."

In the Partridge v. Wooton case [63 Tex.Civ.App. 280, 137 S.W. 413], Chief Justice Conner, of the Fort Worth court, uses the following language: "While some authorities, including some of the earlier decisions of our own courts, seem to support appellant's contention, we think it now settled in this state that in the correction of a judgment, as authorized by the Revised Statutes of 1895, art. 1356 [now 2228], the court may act upon his own recollection, or upon such legal evidence, oral or otherwise, as to the court may seem proper."

We think it clear that the judge of the county court had the fundamentally

inherent right to make its records reflect the truth of all transactions had therein. And in the instant case that was to preserve in the minutes and records of his court the proceedings and judgment that had actually been announced in the matter at hand, but which did not appear in the minutes of the court. It was not for the purpose of amending an imperfect judgment that had been rendered, but the preservation of and reducing to record of a correct judgment without any change that had been rendered, but not recorded. In Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041, it was said: "The judgment of a court is what the court pronounces. Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded. The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record. * * * Hence it is that from the earliest times the power of correcting or amending their records, by nunc pro tunc entry, so as to faithfully recite their action, has been possessed and exercised by the courts as an inherent right, *independent of any statute, and, in the absence of express provision, unaffected by limitation.*" (Italics ours).

The court further said, in considering the difference between the correction of an erroneous judgment nunc pro tunc, and the perfecting of the record nunc pro tunc (as in the instant case) of a judgment already correctly rendered: "It should also be noted that this proceeding did not have for its purpose the correction or amendment of the judgment rendered by the court as distinguished from the entry of the judgment upon the minutes. It sought only to amend the entry, nunc pro tunc, so as to include that which was omitted and thereby afford a faithful record of the whole judgment. In other words, it did not seek the amendment or correction of a judicial mistake as distinguished from a clerical mistake or omission."

And further: "These two cases well illustrate the distinction which lies clearly defined between a suit to correct a judgment because of a mistake of the court in its rendition, whereby an improper judgment is rendered but its entry is in accordance with the rendition, and a proceeding to correct *or supply* the minutes of the court so as to have them truly recite the judgment actually rendered. To correct in the trial court, after adjournment of the term, a judgment as rendered, an independent action is necessary, as its jurisdiction of the case is at an end. In the latter instance [that is, a proceeding to correct or supply the minutes of the court so as to have them truly recite the judgment actually rendered] the court may, at a subsequent term, of its own motion or upon the application of parties, order the proper entry because the inherent power that it possesses as a court over its own records endures for the sake of their verity."

And, it further said: "Every court has the right to judge of its own records and minutes, and, if it appear satisfactorily to them that an order was actually made at a former term and omitted to be entered by the clerk, they may at any time direct such order to be entered on the records as of the time when it was made."

■ We think it clear that under these authorities the County Court of Hardin County had the inherent power to enter its judgment nunc pro tunc preserving all proceedings and supplying the record of proceedings had before it in the Addie Walker guardianship matter, and that it can do this without notice, and even without hearing, if no records are changed and no different judgment entered; but, as it appears in the recitation of the court's order nunc pro tunc, the judge, as a matter of safety and precaution, actually had a hearing before entering the order nunc pro tunc, in which he considered the testimony of O. O. Overstreet, the purchaser of the land under the court's order of sale, and James F. Parker, the lawyer who prepared all of the Addie Walker papers, judgments, orders, and decrees in said guardianship proceedings that were made and signed by the judge and filed as papers of record in the case, but which were lost before being entered in the minutes.

Speaking precisely to this point, Judge Phillips in Coleman v. Zapp, supra, says: "A proceeding of such character, whose only purpose is to have the judgment entry speak truly the judgment as rendered, neither asserts nor seeks the enforcement of any new right. It presents no issue between the parties except in respect to the accuracy of the record, and otherwise involves the adjudication of nothing between them. It is powerless to reopen the con-

troversy as closed and sealed by the judgment, and makes no such attempt. The inquiry under it is not what judgment might or ought to have been rendered, but only what judgment was rendered; and such is the sole issue to be determined. If an amended or corrected entry be ordered, the status of the parties and their relative rights, as decreed and fixed by the judgment, remains untouched and unaltered, in no sense adjudicated anew, but only judicially evidenced as originally determined. The result is that only that is done by the court which it had the inherent power to originally do as a part of its decision of the case, and which it would have done in the interest of a truthful record. It is as much the concern and duty of the court to have its records faithfully recite its judgments as it is to render the judgments themselves, and for that reason it is held that its jurisdiction over its records does not end with the term. In this sense a case is regarded as pending until the judgment rendered is correctly recorded. It is the right of parties to have such a record; and it ought not to be the law, and in our opinion it is not the law, that they are under the necessity of instituting an independent suit to obtain it. A proceeding of this nature cannot, therefore, be regarded as an 'action' within the meaning of the statute referred to, and is not affected by the limitation therein provided."

Appellants rely upon the case of Teague v. Swasey, 46 Tex.Civ.App. 151, 102 S.W. 458, as supporting their contention that the county court may not enter a nunc pro tunc judgment unless there is some docket entry or some other recorded evidence of the court's action. The cited case is not authority for this proposition for the reason that at the time the decision was made, April, 1907, the statute so provided, but since that time the statute has been amended, and the provision of the law relied upon by appellants was eliminated, and was not in force in 1930. See Article 3302, Vernon's Annotated Civil Statutes of Texas.

Appellants also cite Hannon v. Henson, 15 S.W.2d 579, as supporting their contention. That opinion was delivered by the Commission of Appeals on March 27, 1929, based upon a statute providing: "All * * decisions, orders, decrees and judgments [of the county court] shall be entered on the records of the court during the term at which same are rendered; and any such decision, order, decree or judgment shall be a nullity unless entered of record." That statute was amended prior to the guardianship proceedings here in question, as shown by Article 3302, above cited, and the words "and any such decision, order, decree or judgment shall be a nullity unless entered of record," were eliminated, and after such amendment was no longer the law. Article 3302, R.C.S.

The judgment is affirmed.