### NYMON et al. v. EGGERT et al.

### No. 4013.

Court of Civil Appeals of Texas. El Paso.

May 15, 1941.

Supplemental Opinion Oct. 4, 1941.

C. H. Chernosky, of Houston, and Neel, King & Rachal, of Corpus Christi, for appellants.

B. D. Tarlton, T. H. Burruss, and Ward & Brown, all of Corpus Christi, for appellees.

PRICE, Chief Justice.

We have heretofore filed an opinion herein reversing and remanding this cause. Careful consideration of the motion for rehearing herein has convinced us that the disposition made of the cause was erroneous. Hence the motion for rehearing is granted, the original opinion withdrawn, and this opinion substituted therefor.

This is an appeal from the judgment of the Criminal District Court of the Twenty-eighth Judicial District of Nueces County dismissing this suit on the ground of lack of jurisdiction.

There has been filed by one or more of the appellees a motion to dismiss this appeal on account of lack of jurisdiction in this Court. The question raised by the motion being the same as that raised by the appeal, the motion was passed for consideration with the merits of the case.

Plaintiff, K. H. Nymon, joined by several others, filed this suit against a number of defendants alleged to hold rights in certain lands by virtue of a judgment of the court wherein the State of Texas was plaintiff, and said Nymon, plaintiff here, was defendant. The judgment as shown by the allegation of plaintiff's petition was for the foreclosure of an alleged tax lien for a number of years, including the years 1897, 1912, 1913, etc. The suit was filed on the 19th day of February, 1926. In the petition Nymon was alleged to be a resident of Hennepin County, Minnesota. On February 23rd, 1926, the County Attorney filed an affidavit in the case wherein he stated that the residence of Nymon was unknown, and prayed for citation by publication. On that same date the Clerk of the Court issued a citation addressed to Nymon and to all persons owning or hav-

ing or claiming any interest in the lands involved, and in the citation the sheriff was directed to serve same by having same published in some newspaper for three consecutive weeks previous to the return day thereof. This citation or notice was published in the Corpus Christi Evening Times on February 26th, March 5th, and March 12th, 1926, according to the affidavit of C. Everett, general manager of the Corpus Christi Evening Times. No return on the citation or notice is alleged to appear in the record; on May 7, 1926, the County Attorney asked and was granted leave to file a trial amendment seeking to recover taxes for the year 1916; on the same day judgment was entered against defendant for taxes for all of the years sued for in the original petition and for the year 1916, which had not been sued for in the original petition; that no process of any kind had been issued on the trial amendment. The judgment is for taxes for the total sum of $229.35, together with a foreclosure of a lien on the property involved herein. The petition further shows that order of sale issued on said judgment and the property was sold thereunder on the 7th day of September, 1926, to Mrs. Emma H. Sands for the sum of $330; that thereafter the sheriff duly executed his deed to her. The sheriff's deed, order of sale, execution and sheriff's return are charged to be void for the following reasons:

"(a) No citation was ever had in said cause, so as to confer jurisdiction upon this court to render judgment in this cause.

"(b) No citation was ever attempted to be issued or served after the filing of said trial amendment.

"(c) The affidavit of Linton Savage, as County Attorney was insufficient to invoke the powers of this court to have citation issued by publication."

Plaintiffs offered to do equity, and tendered into court such sum or sums of money as the defendants may be justly entitled to. However, they sought to have the rents and revenues collected from the property by defendants to be taken into account in determining the sum, if any, due from them.

It is alleged that all of the instruments set forth in the petition and each and every instrument emanating under them constitute a cloud upon plaintiffs' title and should be removed.

The specific prayer of the petition is the setting aside of the deed from the sheriff to Mrs. Emma H. Sands, the cancellation of each and every other instrument emanating under such deed by which defendants are asserting title to the property, cancellation of the order of sale issuing out of the cause, the execution and sheriff's return thereof, and for such other relief, general and special, in law and in equity, that plaintiffs may show themselves justly entitled to.

It appears that the plaintiffs (appellants here) claim title under Nymion; that defendants claim under Mrs. Emma H. Sands.

Subsection 1, Section 28, of Article 199, Vernon's Civil Statutes is as follows:

"28.—Nueces, Kleberg and Kenedy.

"1. Criminal District Court.—There is hereby continued as established for the counties of Nueces, Kleberg, Kenedy, Willacy and Cameron a criminal district court, which shall have and exercise all of the criminal jurisdiction now vested in and exercised by the district court of the Twenty-eighth Judicial District of Texas, and said Criminal District Court shall try and determine all causes for divorce between husband and wife and adjudicate property rights in connection therewith in said counties, and try and determine all causes for the collection of delinquent taxes and the enforcement of liens for the collection of same. All appeals from the judgments of said courts shall be to the Court of Criminal Appeals, except appeals in divorce cases and suits for the collection of delinquent taxes, which shall be to the Court of Civil Appeals under the same rules and regulations as now or may hereafter be provided by law for the appeals in civil cases from district courts."

Clearly this is not a suit for the collection of delinquent taxes and the enforcement of liens for the collection of same. The suit in which the judgment in question was entered clearly was such an action.

Appellants sought to quiet the title to the land on the ground that the court rendering the tax judgment was without active jurisdiction.

A perusal of the Act above quoted constituting the court in question clearly gives

it jurisdiction of the subject matter of the action to recover the taxes and foreclose the lien therefor.

■ Appellees, on the other hand, contended that the petition of appellants discloses a lack of jurisdiction in the court over the subject matter of this suit. It is elementary that jurisdiction over the subject matter of an action is as a rule determined by the allegations of the petition considered in the light of the power to hear and determine conferred by the State upon the court in question. 11 Tex. Jur., § 14, p. 720; § 26, p. 739.

First to be considered, then, is the subject matter of this action as projected by plaintiffs' petition. It should be borne in mind at all times that the question is not whether appellants stated a cause of action, but as to whether the court had the power to determine whether they did or did not so state a cause of action.

A perusal of the Act above quoted leaves it clear that the court did not have the jurisdiction to try title to lands or to quiet title thereto. Jurisdiction was given, it is true, to foreclose liens on land for taxes.

■ In our opinion it has and had jurisdiction, when properly invoked, to review its judgments entered at a previous term on account of fraud, accident or lack of jurisdiction. In our opinion this is an inherent attribute of the court as such. Roller v. Wooldridge, 46 Tex. 485; Eddleman v. McGlathery, 74 Tex. 280, 11 S.W. 1100; Alvord Nat. Bank v. Waples-Platter Grocery Co., 56 Tex.Civ.App. 225, 118 S.W. 232.

■ We think it fundamental, likewise, that a court may have jurisdiction to enter a judgment and not have jurisdiction to adjudicate as to rights and titles arising from the execution thereof. For instance, a probate court may have the power to order the execution of a conveyance, but it lacks the plenary power to determine the effect in law of such conveyance.

If the judgment is voidable the only substantial ground for equitable attack thereon is the inferential averment that the property was offered for sale and sold without notice to Nymon. Throughout this case we are assuming that all facts stated in plaintiffs' petition are true. There appears no averment that the taxes were not due and were not a lien on the property; no averment that the property did not bring its fair market value when sold; no averment that the purchase was other than bona fide. Mrs. Sands is not made a party. It is not averred that she does not retain interest under her purchase, or that as to such interest she has parted with she is free from liability with reference thereto.

Plaintiffs' petition was filed in the trial court on March 11, 1939, the judgment was entered in May, 1926, and no excuse is offered for their failure to learn of same before the petition was filed. It is averred that each and all appellants were without knowledge of the tax suit prior to December, 1938. These observations might be more appropriate in a discussion of a ruling on a general exception. The trial court sustained a plea of jurisdiction to the appellants' petition. However, we think it may aid in the construction of the petition.

This petition seeks to have the court set aside and cancel muniments of title to land. As a ground therefor it is alleged that there was no legal notice of the judgment ordering the sale; it avers the judgment is void. There is a failure to allege whether or not the judgment recites service or is silent with reference thereto. If the judgment is void, as alleged, it must be so because it so appears from the record. If the judgment were silent as to legal service the remainder of the record might be examined.

■ In a proceeding to set aside a judgment the parties thereto, or those in privity with them, must ordinarily be made parties. Here, neither the State, the judgment plaintiff, nor the original purchaser at the sale is a party. In regard to the State the petition concedes that no more than justice has been exacted. The State was entitled to the taxes and as to the payment of same by appellees, or those in privity with them, equity is tendered by appellants.

■ Under the cases of Harrison v. Sharpe, Tex.Civ.App., 210 S.W. 731, and Rowland v. Klepper, Tex.Com.App., 227 S. W. 1096, it would seem that in a case such as this it is unnecessary to make the State a party. In consideration of each of these cases it must be borne in mind that the judgment attacked was the judgment of a district court having jurisdiction to try title to land.

Why Mrs. Sands, the purchaser, was not made a party the petition fails to show.

The tender of equity in the petition is accompanied with a request as to setting off the rents and revenues derived from the property by appellees. In short, plaintiffs' petition construed as a whole shows that what is sought is the quieting of title to the property in question.

■ If the judgment were shown to be voidable a reinvestiture of the title would be sought, but this is not sought because the theory of the pleading is that the title was never divested. The order of sale is functus officio. It cannot be re-executed, time for its return has long passed, and it has been executed. The presumption is that it was issued in exact conformity with the judgment, and that it was so executed.

A successful attack on the judgment is the only way appellants might have succeeded herein. If successful, the order of sale and sheriff's deed have no legal basis. If voidable, only by direct attack made thereon, not so, if void. It may be attacked in any court. Appellants allege it was void.

The end here sought is not the mere setting aside the judgment as an end in itself, it is to set same aside in order to quiet appellants' title to the land.

Where by virtue of the execution of the judgment of a court not having jurisdiction to try title to land, title to land purports to be conveyed thereby as to in what court the attack on the judgment should be made is a puzzling question. Likewise it is troublesome and difficult to determine the rights acquired by a bona fide purchaser under the judgment.

■ Suppose that this case had gone to trial, and that those claiming under Mrs. Sands were bona fide purchasers; further, let us assume that if she were a bona fide purchaser, title passed to her. By determining her status as to being a bona fide purchaser or otherwise, the very title to the land is determined. It might be if the judgment were merely voidable that her status as to being a bona fide purchaser or otherwise would determine as to whether the judgment should be set aside or otherwise. If we assume that the judgment was void, as alleged, she was not a bona fide purchaser. In a sense a void judgment is one shown by the record to be void. One claiming under a judgment void on its face could hardly claim to be a bona fide purchaser. 25 Tex.Jur. 694, 593.

On the other hand, if the judgment be only voidable, the rule seems to be that a bona fide purchaser acquires the title.

In the cases of Harrison v. Sharpe, supra, and Rowland v. Klepper, supra, where relief was given in cases bearing a great similarity with the case at bar, the purchasers under the tax judgment were not bona fide purchasers. On the other hand, in the case of Scanlan v. Campbell, 22 Tex.Civ.App. 505, 55 S.W. 501, it was finally. held by the San Antonio Court that on direct attack the attacked judgment may be set aside regardless of the fact that the purchaser was a bona fide purchaser. This is placed on the ground that any holding short of that would authorize the taking of property without due process of law. A writ of error was denied in this case by the Supreme Court. The case repudiates the reasoning of Harrison v. Hargrove, 120 N. C. 96, 26 S.E. 936, 58 Am.St.Rep. 781. The opinion bears intrinsic evidence of careful and thorough consideration of the important question involved. A voidable judgment, we take it, was there dealt with.

. In the case of McDonald v. Edwards, Tex.Civ.App., 115 S.W.2d 762, a conveyance of land authorized by the judgment of the County Court by an administrator in satisfaction of a lien claimed was attacked by certiorari. There was a conveyance to a third party by the original grantee, but the purchase was pendente lite. A judgment of the trial court sustaining the attack was affirmed by the Beaumont Court. The Supreme Court granted a writ of error, but upon hearing affirmed the case. McDonald v. Edwards.[1] Motion for rehearing, if filed, has not been passed upon.

There it was held by the Supreme Court that an attack on a judgment of the County Court in the exercise of its probate jurisdiction by certiorari was in the nature of an appeal, and that on the trial de novo in the District Court the judgment authorizing the deed could be so attacked.

In Jones v. Sun Oil Co., Tex.Civ.App., 145 S.W.2d 615, by bill of review in the County Court a guardianship proceeding was attacked. It was sought to set aside and annul all orders entered thereon. In the County Court judgment went against plaintiff. On appeal to the District Court defendants pleaded to the jurisdiction on the ground that title to land was involved. The District Court sustained the plea to

---

[1] Opinion withdrawn. See 153 S.W.2d 567.

the jurisdiction, and the Beaumont Court affirmed the judgment. It was clearly and distinctly held that only the district court exercising its original jurisdiction had the power to set aside the deed. Cited in support of the holding were Article 1906, Vernon's Annotated Civil Statutes, §§ 8, 16, Art. 5, Texas Constitution, Vernon's Ann. St.; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932; Johnson v. Ortiz Oil Co., Tex.Civ.App., 104 S.W.2d 543; Farley v. Dorsey, 134 Tex. 403, 135 S.W.2d 89. On writ of error the case was affirmed by the Supreme Court, Chief Justice Alexander dissenting.[2] In the opinion it is stated:

"After the orders of sale and confirmation of the county court have become executed by the deed from the guardian to the purchaser, and they become final, they are no longer subject to the jurisdiction of the county court for the reason that the orders are then muniments of title to the land involved, and the power to annul them involves the exercise of power to try title to land; and the district court alone can try such title."

The majority opinion further holds: "Where no direct attack is available in the Probate Court (because it involves the title to land) there must of necessity be an exception to such general rule and the attack held to be direct and not collateral."

Motion for rehearing, if filed, has probably not been passed upon in this case.

These two very recent cases by our Supreme Court are not directly in point in this case. There is a strong analogy. Judgment of a court not having power to try title to land is involved in each case. There is this fundamental agreement between the majority and the dissenting opinion of the Chief Justice: that an unrighteous judgment in no event should be immune from direct attack. The majority opinion holds when there is no jurisdiction to try in the court rendering the judgment on account of title to land being involved, a direct attack may be made on the judgment in the tribunal having jurisdiction to try title. The theory announced by the dissenting opinion confines the direct attack to the court rendering the judgment. If necessary, however, the effect of the setting aside of the judgment may be left for the district court. Such cases as where the one, a purchaser under the judgment, is entitled to protection as a bona fide purchaser or otherwise may be there tried. Justice may be arrived at and enforced under either theory.

The case of Carpenter v. Anderson, 33 Tex.Civ.App. 484, 77 S.W. 291, writ denied, holds that where land is sold under a justice court judgment that such judgment may be directly attacked in the district court. We see no reason why appellants might not have adopted that course, in fact, see no reason why that course is not still open.

If we construed appellants' petition as a direct attack on the judgment under the authority of Jones v. Sun Oil Co., supra, we would feel constrained to affirm the judgment of the trial court on the authority of that case. However, we construe the pleading as a suit to quiet title to land. The jurisdiction exercised by the court in question is statutory. Constitution, Art. 5, § 1; Cunningham v. City of Corpus Christi, Tex.Civ.App., 260 S.W. 266; and McCarty v. McCarty, Tex.Civ. App., 40 S.W.2d 165. No power is given to try an action to quiet the title to land.

The judgment of the trial court is correct.

Affirmed.

### Supplemental Opinion.

On motion for rehearing we withdrew our original opinion reversing and remanding this case and affirmed same. While the motion for rehearing was pending the Supreme Court handed down opinions in the cases of McDonald v. Edwards and Jones v. Sun Oil Company. We cited and discussed those two cases and said that while not directly in point, they bore strong analogy to this case. At the time our opinion was handed down on the motion for rehearing here, motions for rehearing were pending in the Supreme Court in the two last named cases. On motion for rehearing the Supreme Court withdrew their opinion in each case and filed a substitute opinion. See McDonald v. Edwards, 153 S.W.2d 567, and Jones v. Sun Oil Co., 153 S.W.2d 571. What we say in the original opinion, insofar as it goes, we think fairly and accurately reflects the withdrawn opinions in each of those cases. However, it does not fairly and accurately reflect the holdings in the substituted opinions. In order to avoid any possible confusion we withdraw our statements in the original

---

[2] Opinion withdrawn. See 153 S.W.2d 571.

opinion as to those two cases. We are, however, still of the opinion that this case has been correctly disposed of, and so disposed of in accordance with our last opinion.

■ With reference to jurisdiction, we can see no difference between a suit to quiet title to land and a suit to recover the title to land. A perusal of the main opinion will demonstrate that we based the decision on the holding that plaintiff's petition was not a suit to set aside a judgment, but a suit the purpose of which was to quiet title to land.